SHELTRAWN *v.* MICHIGAN CENTRAL RAILROAD CO.

1. RAILROADS—NEGLIGENCE — DEFECTIVE CAR — INJURIES TO SERVANT OF SHIPPER.

A railroad company is liable to a servant of one to whom it has furnished a car to be loaded with freight, for injuries received by reason of defects therein.

2. SAME—NOTICE.

And such liability is not dependent on its having had prior notice of such defect.

3. SAME—PROXIMATE CAUSE—PLEADING.

The declaration in an action against a railroad company set out defendant's duty to provide a car equipped with a safe brake, the breach of such duty, plaintiff's attempt to stop the car by blocking it, and his consequent injury. *Held,* to proceed on the theory that a defective brake was the proximate cause of the injury.

4. SAME—QUESTION FOR JURY.

Plaintiff, while placing a car furnished by a railroad company for his master's use, discovered that the brake was defective, and that it could not be used to stop the car as expected and required by the railroad company; whereupon, in obedience to the conductor's command to block the car, he sprang from it and placed a block of wood under the wheels, and the sudden stopping of the car threw a log therefrom and plaintiff was injured. *Held,* to justify a finding by the jury that the defective brake was the proximate cause of the injury.

5. SAME—CONTRIBUTORY NEGLIGENCE.

If plaintiff acted as a prudent man, having regard for the interests of his employer, might be expected to act under like circumstances, he was not guilty of contributory negligence; and whether he did so act was properly submitted to the jury.

Error to Ogemaw; Sharpe, J. Submitted October 25, 1901. Decided November 12, 1901.

Case by Edward Sheltrawn against the Michigan Central Railroad Company for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

The declaration alleges that plaintiff's employer had skidded on a certain banking ground for the reception of logs, on defendant's line of railroad, a quantity of logs to ship on defendant's cars over its road, and that defendant had placed there 12 flat cars, to be loaded with logs by plaintiff's employer; that these cars were placed at a point 30 or 40 rods north of the skidways; that there was a decline from the cars to the skidways, so that the cars could be placed, as needed for loading, by the use of the brakes; and that defendant expected and required that this should be done. There was testimony tending to show that, in attempting to place one of the cars in this manner, plaintiff, who was on the moving car, found that the brake was defective, and could not use it to stop the car; that the car had reached a speed which would carry it down the incline, and possibly wreck it; that defendant's conductor called out to plaintiff, "Stop the car; block it;" that plaintiff accordingly sprang from the car, and placed a block of wood, which lay directly at hand, under the wheels of the car; that the sudden stopping and jarring of the car threw two of the logs from it, and injured plaintiff. The declaration charges that defendant well knew the use to which the car would be put, that it was its duty to furnish only such cars as were equipped with brakes kept in good working order, and that it was careless and negligent in the

performance of this duty. Defendant contends—*First*, that it is not the theory of the declaration that the defective brake was the proximate cause of the injury; *second*, that, as matter of law, plaintiff was guilty of contributory negligence in blocking the car; *third*, that the defective brake was not the proximate cause of the injury; *fourth*, that there was no proof of defendant's negligence, for the reason that there was no testimony tending to show notice to defendant of the defective brake, or that the defect had existed for such a length of time that defendant ought, by reasonable care and caution, to have known of it.

*George L. Alexander* (*Ashley Pond* and *Henry Russel*, of counsel), for appellant.

*Merrie H. Abbott* and *Charles S. Abbott* (*M. J. Lehmann* and *De Vere Hall*, of counsel), for appellee.

MONTGOMERY, C. J. (*after stating the facts*). It does not appear to be questioned that the relation of the defendant to this operation was such that it owed a duty of reasonable care to the plaintiff, as to which question see *Roddy* v. *Railway Co.*, 104 Mo. 234 (15 S. W. 1112, 12 L. R. A. 746, 24 Am. St. Rep. 333).

As to the contention that it is not the theory of the declaration that the defective brake was the proximate cause of the injury, we do not agree with the defendant's contention. The declaration sets out the duty of the defendant to provide a car equipped with a safe brake, and the breach of this duty, and, in orderly sequence, the events which followed.

The contention that there was no proof of defendant's negligence need not be met by extended discussion. This is not a case where the injury is to an employé of the defendant, but the duty owed to this plaintiff, and to those engaged with him in the operation, was to supply in the first instance cars properly equipped. This is the breach of duty which the jury found, and previous notice to the defendant of a neglect of that duty was not essential.

The meritorious questions presented are whether the defective brake was the proximate cause of the injury, and whether, as matter of law, plaintiff was guilty of contributory negligence in blocking the car in the manner in which he did. The court left to the jury the question of whether the injury was the proximate result of defendant's negligence. We think this instruction sufficiently favorable to the defendant. It is sometimes difficult to determine the proximate cause of a given result; but, as related to this case, the rule that, where a train of causes which result in an injury to a person is set in motion by another, that person will be liable to the person injured, although the intervening act or motion of such person was the immediate cause of his receiving, the injury, provided the circumstances surrounding him at the time were such that his act ought not to be imputed to him as a fault, answers the defendant's objections. See *Mars* v. *Canal Co.*, 54 Hun, 625 (8 N. Y. Supp. 107), for a statement of the foregoing rule. The jury in this case might well have found that, from a knowledge of the operations in which this car was to be employed, an attempt to arrest the progress of the car, running away because of the defective brake, might be anticipated and expected. The defect was such as to naturally lead to a loss of control of the car. This being so, it may well be said that the defendant should have anticipated some effort to resist its progress. The case is closely analogous to numerous cases which were cited by this court in *La Duke* v. *Township of Exeter*, 97 Mich. 450 (56 N. W. 851, 37 Am. St. Rep. 357). In *Page* v. *Bucksport*, 64 Me. 51 (18 Am. Rep. 239), plaintiff attempted to drive over a bridge negligently left out of repair. The horse broke through the bridge, but without injury to the plaintiff. Plaintiff alighted from the buggy, and endeavored to rescue the struggling animal, and in doing so was struck by the animal and injured. It was held that the negligence of the town was the proximate cause of the plaintiff's injury. To the same effect are *Stickney* v. *Town of Maidstone*, 30 Vt. 738, and *La Duke* v.

*Township of Exeter, supra.* See, also, *Gibney* v. *State,* 137 N. Y. 1 (33 N. E. 142, 19 L. R. A. 365, 33 Am. St. Rep. 690).

The question of contributory negligence of the plaintiff is closely allied to this. The plaintiff was called upon to act in an emergency, in an attempt to save the property of his employer and of the defendant. A moral obligation rested upon him to act as a prudent man, having regard for the interests of his employer, might be expected to act under like circumstances. If he did not go beyond this, he was not guilty of contributory negligence. See a full discussion of this subject in 1 Thomp. Neg. § 199.

We think no error was committed to the prejudice of the defendant, and the judgment will be affirmed.

HOOKER, MOORE, and LONG, JJ., concurred. GRANT, J., did not sit.