FRANK G. HALE, administrator, *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Essex.     November 10, 1905. — January 3, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Negligence.  Railroad.*

In an action against a railroad company under R. L. c. 111, § 267, for causing the death of the plaintiff's intestate, not a passenger or in the employ of the defendant, by reason of its negligence or the gross negligence of its servants, it appeared that the plaintiff's intestate while engaged with others in loading a heavy block of granite upon a freight car standing on a steep grade in a quarry was fatally injured by the starting of the car down the grade which caused the block to fall upon and crush him, that the starting of the car was due to a defective brake, that the grade on which the car stood was not so steep but that a brake in proper condition could have controlled the car, and that the ordinary course of business between the defendant and the quarry company was for the defendant to furnish cars at or near the place of loading on the quarry company's tracks and take them away when loaded.  *Held*, that there was evidence for the jury that the defendant was negligent in providing an unsafe car for the use of the plaintiff and his fellow workmen, and evidence that the accident was caused by the gross negligence of the defendant's servants or agents in permitting the defective car to be used; *also*, that if there was negligence on the part of the workmen of the quarry company in failing to block the wheels of the defective car with pieces of wood, as an additional precaution, this did not relieve the defendant from liability.

TORT, by the administrator of the estate of Nicademas Arenues, an employee of the receivers of the Quincy Granite Quarries Company, with a count at common law for conscious suffering of the plaintiff's intestate, and two counts under R. L. c. 111, § 267, for causing the death of· the plaintiff's intestate, not a passenger or in the employ of the defendant, by reason of the negligence of the defendant or the gross negligence of its servants or agents while engaged in its business.   Writ dated September 2, 1904.

At the trial in the Superior Court *Lawton*, J. at the close of the plaintiff's evidence ordered a verdict for the defendant, and reported the case for determination by this court, with an agreement of the parties that, if upon the evidence the case should have been left to the jury, judgment was to be entered for the plaintiff in the sum of $3,000; otherwise, judgment was to be entered for the defendant.

*W. A. Pew, Jr.,* for the plaintiff.

*J. L. Hall,* for the defendant.

KNOWLTON, C. J. The plaintiff's intestate, while engaged with others in loading a heavy block of granite upon a freight car standing on a steep grade in a quarry, was fatally injured by the starting of the car and its running down the grade, thus causing the block to fall upon him and crush him. The evidence tends to show that the brake of the car was badly worn and out of repair, so that the brake shoe was off the wheel directly under the heavy stone, and was useless as a means of keeping the car in its place. Apparently this was the direct and proximate cause of the accident. If there was negligence of workmen in failing to block the wheels with pieces of wood, as an additional precaution, that does not relieve the party responsible for the use of this defective car. The grade was not so steep that a proper brake could not control the car, and the evidence tends to show that the brake was mainly relied upon, and might properly be relied upon, for that purpose. It was important that a car to be used in that place should have a good brake, and the evidence as to the condition of the brake — not merely in reference to the shoe which slipped off the wheel, but in other particulars — was such as to warrant the jury in finding that the employee, whose duty it was to look after the condition of cars furnished for loading at the quarry, was grossly negligent in permitting this car to be used. *Hartford* v. *New York, New Haven, & Hartford Railroad,* 184 Mass. 365. *Young* v. *New York, New Haven, & Hartford Railroad,* 171 Mass. 33. *Evenson* v. *Lexington & Boston Street Railway,* 187 Mass. 77. *Lutolf* v. *United Electric Light Co.* 184 Mass. 53.

The question most discussed at the argument is whether there was evidence on which the jury could find that the defendant was the party whose duty it was to see that the cars were safe

and suitable for the use of those who were to load them. It appeared that there was a branch railroad, connecting with the defendant's railroad at West Quincy, which was used for the transportation of granite from the quarries, and was owned by the Quincy Granite Quarries Company, a corporation which was then in the hands of receivers. On this railroad there were about three miles of track in all, running in branches to the different quarries. An employee of the receivers, whose office was at West Quincy, acted as shipper, and gave orders to the defendant for cars, as they were wanted at different quarries, indicating the places to which the granite was to be shipped, so that the defendant could select cars suitable and convenient for use in making the shipments. Every day the defendant, by its regular trainmen upon a particular train, brought empty cars, leaving them at or near the places where they were to be loaded, and carried away the loaded cars. The evidence tends to show that the trainmen, while doing this, were the servants of the defendant as much as when they were running the engine and cars upon its own railroad. The nature of the contract between the defendant and the owners of the quarries does not appear, except by inference from the evidence as to the way in which the business was done; but the jury were warranted in finding that the whole business of carrying the granite from the quarries, including the selection and delivery of the cars to be loaded, was done by the defendant. The testimony was consistent with the existence of an arrangement similar to that which often is made by a railroad company with a manufacturer who owns a side track constructed on his own land, which the railroad company uses in delivering and receiving cars carrying freight to and from his factory. In such cases the whole business of moving the freight commonly is done by the railroad company, the only peculiarity in the method being the use of the manufacturer's track for a short distance, instead of the track of the railroad company. If the defendant took the freight as a common carrier from the quarries, in the ordinary way, except that it used the branch tracks under an arrangement with the Quincy Granite Quarries Company, it was liable for negligence in providing an unsafe car for use by the plaintiff and his fellow workmen.

We are of opinion there was evidence to warrant a finding that the accident was caused by the gross negligence of the defendant's servants or agents.

The evidence tends to show that the plaintiff's intestate was in the exercise of due care.

*Judgment for the plaintiff.*