E. L. TUCKER v. NORFOLK AND WESTERN RAILROAD COMPANY.

(Filed 9 November, 1927.)

**Carriers of Goods—Common Carriers—Railroads—Negligence—Damages —Loading Cars—Connecting Lines of Carriage—Evidence.**

The defective loading of a carload shipment by the initial carrier by rail does not render the delivering carrier, in a connecting line of transportation liable in damages to the consignee, who was injured thereby in

unloading the same, when there is nothing in the external appearance of the car to put the delivering carrier upon notice of the defects, which were discoverable only upon the door of the car being opened.

APPEAL by plaintiff from *Stack, J.,* at July Term, 1927, of ASHE. Affirmed.

*R. A. Doughton, C. W. Higgins and T. C. Bowie for plaintiff.*
*Ira T. Johnston, W. B. Austin, F. M. Rizinus, Burton Craige and Murray Allen for defendant.*

ADAMS, J. In January, 1926, the Tuckerdale Feed and Grain Company ordered a carload of fencing wire and nails which was shipped to it from Pittsburgh, Pennsylvania. From Fairfield, Alabama, to Bristol, Virginia, the car was carried by the Birmingham-Southern Railroad, and by the defendant from Bristol to Tuckerdale, in North Carolina. At Tuckerdale it was placed on a sidetrack and the consignee was notified of its arrival. The consignee is a partnership; the plaintiff is one of the firm. When the plaintiff and two others "fetched a surge" and opened the door for the purpose of unloading the car, a roll of wire weighing 152 pounds fell through the opening, struck the plaintiff on the back, and injured him. He brought suit to recover damages, alleging that the injury had been caused by the defendant's negligence. The specific charges of negligence were (1) that the iron track supporting the door "was in a defective condition so that said door could not be opened and shut with reasonable safety," and (2) that the car was negligently loaded "in that said wire and nails were so placed and loaded in said car as to render it unsafe for the consignees or their agents or employees, when unloading said car with reasonable prudence and care."

It was the duty of the initial carrier to exercise due care to provide a car reasonably safe and suitable for the shipment. 22 R. C. L., 932, sec. 177. *Forrester v. R. R.,* 147 N. C., 553; *Bivens v. R. R.,* 176 N. C., 414. Also, it is true that where a connecting carrier accepts the shipment it adopts the car provided by the initial carrier and in certain circumstances may be responsible for damages caused by its unfitness for the carriage of the goods. *Lucas v. R. R.,* 165 N. C., 264. "But it is no part of the duty of an intermediate carrier to examine a car to see whether it is in a safe condition for any one to enter for the purpose of unloading it when it reaches its destination." 22 R. C. L., 933, sec. 178. In the case just cited it was shown that potatoes had been shipped in an unventilated car which had previously been loaded with fertilizer. But in the present case we find no sufficient evidence that the car was not suitable for the shipment of wire and nails. The fact that special

32—194

effort was necessary to open the door is not sufficient. If the door was defective the mere defect would not have injured the goods or impaired their value. Moreover, the defect could have been discovered only by opening the door. The plaintiff testified: "I didn't detect anything the matter with the car when I went to open the seal. I noticed the rollers on top, and noticed that the door was hard to roll. I didn't notice anything particular about the door until I went to open it." And Roby Blevins who assisted him said: "I could not say whether the door was in good working condition or not, it was difficult for us to open it. Of course, I could tell my ideas; it is my opinion that the door was crowded with the wire; that the wire was pressing against the door, as it bulged out when the door was opened, or partly open."

If it be granted that the car was negligently loaded, the negligence was that of the initial carrier, knowledge of which could have been acquired by the defendant only by breaking the seal and opening the car. The record fails to disclose any emergency which required such action. See *Moore v. R. R.,* 183 N. C., 213; *Oregon R. R., etc. v. McGinn,* 258 U. S., 409, 66 L. Ed., 689. Judgment

Affirmed.