18616. ATLANTA & WEST POINT RAILROAD CO. *v.* SMITH.

Decided March 7, 1928.

*Dorsey, Howell & Heyman, Post & Arnold,* for plaintiff in error.
*Smith & Millican, Smith & Taylor, A. Sidney Camp,* contra.

Luke, J. In an action for damages for personal injuries, L. A. Smith, a minor, by his next friend, Earnest M. Smith, procured a verdict against Atlanta and West Point Railroad Company for $10,000. The court overruled the defendant's motion for a new trial, and the movant excepted.

The petition alleges that on August 6, 1926, L. A. Smith was employed by W. A. Potts to load peaches on a refrigerator freight-car placed on a side-track at Newnan, Ga., by the defendant company; that, for the purpose of ventilation, said car contained an extra, or false, floor, built in sections out of small slats nailed to scantlings and raised some three or four inches above the main floor of the car; that in loading said car it was necessary and customary to close one of its two side-doors, and to begin stacking the peaches in each end of the car; that the car was therefore extremely dark while loading was in progress; that as the petitioner raised a crate of peaches to place it in position in the south end of the car, a slat, or slats, of one section of said false floor broke, and said section slipped apart, allowing the petitioner's right foot to slip through to the main floor, and causing his right ankle to be so bruised, crushed, etc., that an infection set in which necessitated the removal of the greater part of the long bone extending from his knee to his ankle; that as a result of said injuries petitioner "has suffered untold pain and anguish, both mental and physical, and will continue to suffer pain and anguish, both mental and physical, throughout his natural life;" that "by reason of said injuries . . his ankle is stiff, his knee is stiff, and . . he has practically lost the use of his right leg, and . . 'said injuries are perma-

nent;" that at the time of said injuries petitioner was sixteen years of age, stout and able-bodied, and had an expectancy in life of 44.27 years; that the defective condition of said car was unknown to petitioner and could not have been discovered by him by the exercise of ordinary diligence; that said condition of said car was known to the defendant company, or should have been known to it by the exercise by it of ordinary diligence; that said Potts had no control of said car except to load it; that "defendant company transported said freight for hire and a consideration;" and that defendant was negligent: in failing to have the sections in said extra floor of the proper size; in allowing the slats of said sections to become worn, cracked, and broken; in not placing said sections in proper position; in not having the slats in said sections of proper length and durability; for failing to properly equip said car with proper apparatus for loading; in placing said car for loading with a defective extra floor; and in not having said extra floor properly fitted and said sections properly placed.

The defendant denied the material allegations of the petition, and further pleaded that if the plaintiff received the injuries as alleged, "they were the result of his own negligence, and . . were contributed to by his negligence."

■ Ground 5 of the motion for a new trial is controlled by the following rule of law: "An exception to the refusal of the court to award a nonsuit will not be considered where the jury has rendered a verdict against the defendant, and he excepts to the overruling of a motion for a new trial, assigning error upon the general grounds." *Gainesville &c. R. Co.* v. *Galloway,* 17 *Ga. App.* 702 (2) (87 S. E. 1093).

■ Counsel for the plaintiff contended before the jury that if it returned a verdict against the railroad company, Fruit Growers Express would be responsible to the defendant company, and would have to pay the verdict. Counsel for the defendant promptly moved for a mistrial upon the ground that there was no evidence warranting such argument, and that it was improper and highly prejudicial to his client. After instructing the jury that the said argument was improper, and that they should not be influenced by it at all, the court overruled the motion. Within the intendment of the law, these instructions removed any prejudicial effect that might possibly have resulted from the improper argument, and the judgment over-

ruling the motion for a mistrial was not error. Civil Code (1910), § 4957; *Mayor &c. of Americus* v. *Gammage,* 15 *Ga. App.* 805 (2) (84 S. E. 144). This disposes of the sixth ground of the motion for a new trial.

■ Error is alleged because the court failed to charge the following principle of law: "No person shall recover damages from a railroad company for injury to himself or his property where the same is done by his consent, or is caused by his own negligence;" the defendant having pleaded "that if said plaintiff received injuries as claimed by him, the same were the result of his own negligence." The principle of law referred to in this ground of the motion for a new trial is stated in the first part of section 2781 of the Civil Code (1910), and must be given in charge to the jury when the pleading and the evidence demand it. However, a careful reading of the brief of evidence shows that the evidence did not demand the charge indicated; and this exception is controlled by the following rule of law: "The failure to give instructions to the jury not demanded by the evidence will, in the absence of a written request to so charge, in no event be cause for a new trial." *Cooper* v. *Nisbet,* 119 *Ga.* 752 (3) (47 S. E. 173); *Shields* v. *Ga. Ry. &c. Co.,* 1 *Ga. App.* 176 (57 S. E. 980); *Savannah Electric Co.* v. *Thomas,* 30 *Ga. App.* 418 (118 S. E. 181); *Van Dyke* v. *Van Dyke,* 31 *Ga. App.* 67 (2) (119 S. E. 436).

■ Complaint is made of the following excerpt from the charge of the court: "Was the car in question defective as claimed by the plaintiff, and, if so, could this defect have been discovered by the railroad company by the exercise of ordinary care? If you should answer either of these questions in the negative, then that would end your investigation, and you would find for the defendant in this case. On the other hand, if you should find from the evidence in this case that the car in question was defective, as claimed by the plaintiff, and that the plaintiff, under the circumstances as shown in the evidence, by the use of ordinary care, could not have avoided the consequences resulting to him from the negligent act of the defendant company in furnishing a defective car to be used by W. A. Potts and his servants, and if you further believe that the plaintiff's injuries, if he sustained any on this occasion, were the result of and followed from this occurrence as claimed by him. then you would find for the plaintiff." "Defendant contends that

this charge . . was error, because it failed to call to the attention of the jury that there was due by plaintiff the exercise of ordinary care to have discovered any defect in the condition of the car." It would be a far-fetched conclusion to say, from anything appearing in the record in this case, that the evidence indicates that there was any defect in said car which the plaintiff could have discovered by the exercise of ordinary care, or that he failed to exercise ordinary care in loading the car. However, in sustaining a verdict in a case somewhat similar to the case at bar, the court laid down the following as the law: "Where a railroad company furnishes to one of its patrons a car to be used by him in loading freight to be delivered to it for transportation, it is liable to a servant of the patron for injuries resulting to such servant from the defective construction of the car; provided the defect be of such a character as to be discoverable by the exercise of ordinary care on the part of the railroad company, and provided further that the injuries complained of were inflicted under such circumstances as that the person injured, by the exercise of ordinary care, could not have avoided the consequences resulting to him from the negligent act of the railroad company in furnishing for the use of such patron and his servants such defective car." *Savannah, Florida & Western Ry. Co.* v. *Booth,* 98 *Ga.* 20 (25 S. E. 928). See also *Roy* v. *Ga. R. &c. Co.,* 17 *Ga. App.* 34 (2) (86 S. E. 328). This assignment of error does not disclose reversible error.

■ Leading up to his charge upon the measure of damages for pain and suffering, the court instructed the jury as follows: "Damages are given as compensation for injury done, and generally this is the measure, where the injury is of a character capable of being estimated in money. That is, if the law allows damages to be recovered in a case like this at all, it seeks to give fair pay or compensation for the injury done, and you should keep this rule in mind in passing on this question. The plaintiff insists that his injuries are of the sort claimed by him, serious and continuous, and will continue in the future. It is for you to determine from the evidence just what his injuries were and are. The defendant company would not be liable for any condition the plaintiff may be in not due to this occurrence. If the defendant is liable at all, it is liable only for such consequences as proximately follow this particular occurrence, and, as I have said, you will determine from the

evidence what sort of injuries the plaintiff received, and their nature and character." The contention is that the petition sets forth no claim for damages other than for pain and suffering, that the evidence discloses no financial loss resulting from the alleged injuries, and that since the court charged separately the rule for awarding damages for pain and suffering, the effect of the foregoing excerpt was to allow the jury to award separate and additional damages for the alleged injuries. The first part of the excerpt under consideration is a part of section 4502 of the Civil Code (1910), and of course correctly states the primary object for which damages are awarded. The excerpt states correct general rules of law, and is rather in the nature of an introduction to the fuller charge of the rule governing a recovery for pain and suffering. We do not think the jury could have been misled by it, and we hold that it is not subject to the attack made upon it in this ground of the motion.

In the last ground of the motion for a new trial it is contended that the plaintiff was seeking to recover the actual monetary value of his lost earning capacity, and that the court erred in failing to instruct the jury that the minor's earnings belonged to the father up to the time he became twenty-one years of age. A complete answer to this exception is that no such recovery was sought. The petition did not ask it; no evidence was introduced to prove it; and the court did not err in failing to charge it.

After a careful reading of the one hundred and odd pages of the brief of evidence, we have reached the conclusion that the case is a very close one, especially as to whether or not the infection of the bone which caused all the trouble resulted from the injury near the minor's ankle. However, being bound by the rule of law applicable to conflicting evidence, we are constrained to hold that there was evidence to support the verdict, and that the court did not err in overruling the general grounds of the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*