19053. SEABOARD AIR-LINE RAILWAY CO. *v.* JACKSON.

DECIDED JULY 31, 1928. REHEARING DENIED AUGUST 10, 1928.

*N. J. Norman, Conyers & Gowen,* for plaintiff in error.
*W. F. Mills, Oliver & Oliver, John Z. Ryan,* contra.

BLOODWORTH, J. The husband of the plaintiff was found dead by the "main-line track" of the railway of the defendant. She sued for damages, alleging in part that in the village of Dorchester there were two public-road crossings over the main-line track, distant from each other about 200 yards, and that "on either side of the

main-line track of said railroad and between the two public-road crossings are well-beaten paths which are used constantly by pedestrians both night and day in passing up and down the said railroad-tracks;" and that her husband "proceeded along the pathway which was well beaten and was being used constantly by the general public to the knowledge of the Seaboard Air-Line Ry. Co., its engineers, firemen, servants and employees, as a footpath," and that her husband "when he reached a point about fifty yards south of the northern public-road crossing, became suddenly sick and dizzy and fell down at said point by the side of the western rail of the Seaboard Air-Line Railway track," and that "when her said husband fell to the ground because of said attack he was forced to discontinue his journey and to remain upon the ground near the western rail of the railroad-track in a helpless condition," and while in said position he was struck by a locomotive of the said railway company and was killed. Negligence of the railway company was charged, and the plaintiff alleged that her husband was free from fault. Upon the trial of the case the jury returned a verdict against the defendant. A motion for a new trial was overruled, and the railway company excepted.

The motion for a new trial contains no special grounds except those in elaboration of the general grounds. The determination of every issue of fact is exclusively for the jury, and "whenever there is any evidence, however slight, to support a verdict which has been approved by the trial judge, this court is absolutely without authority to control the judgment of the trial court." *Bradham* v. *State,* 21 *Ga. App.* 510 (94 S. E. 618). See *Rogers* v. *State,* 101 *Ga.* 561 (28 S. E. 978), from which the quoted ruling in the headnote is taken. In this case there is some evidence which would authorize the jury to find "that it was the duty of the employees of the defendant railway company to have anticipated the presence of pedestrians upon its track at the time and place of the homicide (*Central of Ga. Ry. Co.* v. *Tapley,* 145 *Ga.* 792 (3) (89 S. E. 841) ; *Wright* v. *Southern Ry. Co.,* 139 *Ga.* 448-450 (77 S. E. 384)." *Lowe* v. *Payne,* 156 *Ga.* 312 (118 S. E. 924). There is evidence also from which the jury could infer that the deceased while walking along the right of way of the railway company had a sudden attack of illness which caused him involuntarily to "fall right down" and rendered him incapable of caring for himself and getting

away from the railroad-track. In any event this court can not say that the verdict has no evidence to support it; and as it is approved by the judge who tried the case, this court will not interfere.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*