## 26481. SOUTHERN RAILWAY COMPANY *v.* BENTON.

DECIDED MARCH 17, 1938.

*Harris, Harris, Russell & Weaver, E. L. Reagan, Brown & Brown,* for plaintiff in error.

*Joel B. Mallet, Ernest M. Smith,* contra.

MacIntyre, J. It appears from the allegations of the petition brought by T. H. Benton against the Southern Railway Company that the plaintiff, desiring to ship a bale of cotton over the line of the defendant railway company, carried the bale of cotton to the depot of the defendant and placed it on a platform adjoining the depot. After he had properly tagged the cotton for shipment, the agent of the defendant in charge of its depot required that he place the cotton in the warehouse in said depot "if said proposed transaction of transportation be consummated between plaintiff and defendant to their mutual benefit." The agent, in the words of the petition, "invited and directed plaintiff to use its truck, the same being a device furnished by defendant for trucking cotton from the unloading wagon platform to its warehouse adjoining the same." The plaintiff thereupon secured the truck, and when the agent of the defendant pushed the cotton on to the truck which the plaintiff was holding, the truck flew back, pushing the plaintiff off the platform on to the railroad tracks, inflicting on him certain described injuries. The gist of the complaint is that the truck, so furnished, was not reasonably suited for the purpose for which he was invited to use the same, in that it had no brace or device to hold the same stationary while placing a bale of cotton thereon; that it was too small and too light in weight for such purpose, and that from long and constant use it had become springy and difficult to hold stationary while placing a bale of cotton thereon. The trial judge overruled the general demurrer, to which ruling exceptions pendente lite were taken. The case proceeded to trial which resulted in a verdict for the plaintiff. Exceptions are taken to the overruling of the motion for new trial.

We are of the opinion that the petition was not subject to general demurrer. In addition to the above facts, the petition alleges, "that said station agent was in control and charge of said station, platform, warehouse, and premises of the defendant where said injuries were inflicted and as [such?] said agent was the alter ego of the defendant at said time and place." It is in-

ferable from the allegations of the petition that such agent, having control of and management of the property and business of the defendant, the defendant being a public-service corporation engaged in the transportation of freight for hire tendered to it by members of the general public, was acting within the scope of his employment in accepting and shipping and contracting to ship the cotton of the plaintiff, and in furnishing to the plaintiff an instrumentality owned by the defendant for his use in placing the bale of cotton in the warehouse. We do not here and now determine what the relative rights and duties of the parties were as to the acceptance and shipment of the cotton when placed on the depot platform, for this is not a mandamus to compel the defendant to accept and ship the cotton, and therefore do not decide whether the agent could or could not, under the law, have required that the cotton be placed in the warehouse by the plaintiff before he would accept it for shipment. The fact is that it is specifically alleged that the agent did so require, and did, in connection therewith, furnish to the plaintiff an instrumentality owned by the defendant, which was unsuited for the purpose, and by reason of which the plaintiff was injured. . The agent of the defendant was acting in the apparent scope of his employment, and for his negligence we think the defendant is liable. A railroad company undertaking to furnish machinery or appliances for the use of others in a matter of mutual interest to both parties assumes a duty to furnish proper and reasonably safe appliances. 45 C. J. 849; *Savannah, Florida &c. Ry. Co.* v. *Booth,* 98 *Ga.* 20 (25 S. E. 928); *Roy* v. *Ga. Railroad Banking Co.,* 17 *Ga. App.* 34 (86 S. E. 328); *Homer* v. *Seaboard Air-Line Ry.,* 17 *Ga. App.* 100 (86 S. E. 329); *Atlanta & West Point R. Co.* v. *Smith,* 38 *Ga. App.* 20 (142 S. E. 308); *Walker* v. *Central of Ga. Ry. Co.,* 47 *Ga. App.* 240 (170 S. E. 258). Compare *Queen* v. *Patent Scaffolding Co.,* 46 *Ga. App.* 364 (167 S. E. 789). See also Penn. Ry. *v.* Hummel, 167 Fed. 89; Hale *v.* N. Y. &c. Ry. Co., 190 Mass. 84 (76 N. E. 656); Sheltrawn *v.* Mich. Central Ry. Co., 128 Mich. 669 (87 N. W. 893); Fassbinder *v.* Mo. Pac. Ry. Co., 126 Mo. App. 563 (104 S. W. 1154).

Thus, in *Savannah, Fla. & W. Ry. Co.* v. *Booth,* supra, it was held: "Where a railroad company furnishes to one of its patrons a car to be used by him in loading freight to be delivered to it for

transportation, it is liable to a servant of the patron for injuries resulting to such servant from the defective construction of the car; provided the defect be of such a character as to be discoverable by the exercise of ordinary care upon the part of the railroad company, and provided further, the injuries complained of were inflicted under such circumstances as that the person injured, by the exercise of ordinary care, could not have avoided the consequences resulting to him from the negligent act of the railroad company in furnishing for the use of such patron and his servants such defective car." The principle here announced is applicable to the facts of the present case. The principle announced in several decisions in this court and the Supreme Court, that "one who, without any employment whatever, but at the request of a servant who has no authority to employ other servants, voluntarily undertakes to perform service for a master is a mere volunteer, and the master does not owe him any duty, except that which he owes to a trespasser,—that is, not to injure him wilfully or wantonly after his peril is discovered" (*Central of Ga. Ry. Co.* v. *Mullins,* 7 *Ga. App.* 381, 66 S. E. 1028; *Rhodes* v. *Ga. R. &c. Co.,* 84 *Ga.* 320, 10 S. E. 922; *Atlanta & W. Point R. Co.* v. *West,* 121 *Ga.* 641, 49 S. E. 711; *Jenkins* v. *Central of Ga. Ry. Co.,* 124 *Ga.* 986, 53 S. E. 379; *So. Ry. Co.* v. *Duke,* 16 *Ga. App.* 673, 85 S. E. 974; *Early* v. *Houser,* 28 *Ga. App.* 24, 109 S. E. 921), has no application to the present case. The plaintiff does not, by the allegations of his petition, base his cause of action on the theory that at the time of his injury he was a servant of the defendant, employed by an agent of the defendant duly authorized to employ servants, and the general authority of the agent, under the allegations of the petition, to employ labor solely for and in behalf of his master, is not involved and need not be decided. However, even if the plaintiff had so alleged, since, as a general rule, an agent placed in sole charge of the property and business of a corporation has apparent authority to employ labor necessary to carry on the business (2 C. J. 644), it does not appear that the petition would have been subject to general demurrer. Compare *Gomez* v. *Great Atlantic & Pacific Tea Co.,* 48 *Ga. App.* 398 (172 S. E. 750). Under the allegations of the petition, the plaintiff, at the time of his injury, was engaged in an act beneficial and of direct interest to himself as well as to the defendant, viz., the offering for shipment of his cotton over the

line of the defendant, and in no sense of the word could he be considered a mere volunteer or intermeddler. It does not affirmatively appear from the allegations of the petition that the plaintiff could, by the exercise of ordinary care, have discovered the unsuitability of the instrumentality furnished by the defendant, and that he is therefore barred from a recovery.

■ While we are thus of the opinion that the trial judge did not err in sustaining the petition as against general demurrer, however, we are convinced that the following charge of the trial judge was error, and requires the grant of a new trial. He charged: "I charge you, gentlemen of the jury, where one is assisting the servants or agents of a railroad company to facilitate his own business which is mutually beneficial to himself and to the railroad company, and where, under the contract or under the circumstances of the relationship of the parties, such person is not the servant of the railroad company, he is not charged with the same duty of knowing and observing defects or unsuitability of the machinery furnished for his use by such railroad company as its servants should be, and could be assumed to be, who undertook the duty of using the machinery." In this charge the judge undertook to tell the jury that the plaintiff was not charged with the same duty of knowing and observing defects or unsuitability of machinery furnished for his use by the defendant, as the servants of the defendant would be, and could be assumed to be, who undertook the duty of using the machinery, and while it is true that in *Davis* v. *Savannah Lumber Co.,* 11 *Ga. App.* 610 (6) (75 S. E. 986), this court used similar language in reversing the grant of a nonsuit, this fact does not make it the proper subject-matter of a charge to the jury in a case of the present character. *Hunt* v. *Pollard,* 55 *Ga. App.* 423 (190 S. E. 71), and cit. It is a well-recognized principle that what does or does not constitute exercise of ordinary care by a person in a given circumstance falls wholly within the province of the jury. While we are of the opinion that such a charge should not have been given to the jury at all, even so, in thus comparing the duty due by the plaintiff to the duty that would have been due by a servant of the defendant under similar circumstances, since the trial judge did not in the same connection explain what would have been the duty of the defendant's servant with reference to knowing and observing defects or un-

suitability of machinery or instrumentalities, the charge was, at best, confusing to the jury, and might have led them to believe that they could not find that the plaintiff, by the exercise of ordinary care, under the particular circumstances, should have observed and known of the unsuitability of the instrumentality. It is not conducive to clarity for a trial judge to attempt to explain the duty of the plaintiff, under the particular circumstances of the case, by comparing it with the duty that would have been due by some other person standing in a different relationship to the defendant, under the same circumstances. It is best for the trial judge to charge the jury merely that it was the duty of the plaintiff to exercise ordinary care, and leave this question solely to their determination without suggestion, argument, or comparison. We will not set out the evidence. It is sufficient to say that it makes a close and doubtful case of liability, and in view of this we think the above charge requires the grant of a new trial. The only other assignment of error contained in the amended motion for new trial which it is necessary to deal with, in view of the grant of a new trial, is covered by the ruling made in the first division of this opinion.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*