31976.   ATLANTA & WEST POINT RAILROAD COMPANY
*v.* CREEL *et al.*

31977.   SOUTHERN RAILWAY COMPANY *v.* CREEL *et al.*

Decided May 8, 1948.

80

*Heyman, Howell & Heyman* for A. & W. P. R. Co., *Neely,. Marshall & Greene,* for So. Ry. Co.

*George & John L. Westmoreland,* for Creel.

SUTTON, C. J. (After stating the foregoing facts.) ■ On the general grounds of both motions for a new trial, the only question raised is whether or not there was any evidence to support. the allegations of negligence. It was proved that visual inspec--

tions of the car and its braking equipment had been made by the Southern Railway Company in Atlanta before delivery to the Atlanta & West Point Railroad Company, and that the latter railroad then made inspections of the car and its braking equipment before delivery to the consignee, and it is uncontradicted that no apparent defects in the brake equipment were found up to the time of delivery of Southern Car No. 195114 to the LeRoy Smith Lumber Company. Shortly after the accident, further inspections were made by the Atlanta & West Point Railroad Company and no apparent defects were found. Under such a state of facts and circumstances a jury would not be authorized to find that the brakes were defective to the extent that the mechanical condition of the brakes was defective, nor that there was a failure to make proper inspections. However, Creel testified, and it was uncontradicted, "I was using a brake stick that day . . I had it just as tight as I could get it. I didn't need to take the brake stick out and get a new hold. I was putting all the pressure I had on it." As he was putting all the pressure he could on the brakes, he said he did not need to use the ratchet to get a new hold. The car was heavily loaded with lumber and was on a down grade. This is sufficient to raise the inference that, although the hand-brake mechanism was apparently in perfect working condition, it was insufficient to hold the heavily loaded car once it had been set in motion on a down grade. It was within the knowledge of both railroad companies that at some time the car would be unloaded, and it was the duty of both the owner of the car and the ultimate carrier to see that the car and its devices for unloading were reasonably safe for the purpose of unloading. See *Roy* v. *Georgia R. & Bkg. Co.*, 17 *Ga. App.* 34, 35 (2) (86 S. E. 328). It was necessary for employees of the consignee to use the hand brakes of the car in this case to move the car for the purpose of unloading, and consequently the hand-brake mechanism was one of the devices necessary for unloading. See *Weeks* v. *Pollard*, 65 *Ga. App.* 377, 388 (16 S. E. 2d, 225). The Atlanta & West Point Railroad Company made a test of the hand brakes of the car, while it was empty and on the main line of the railroad, and found that the wheels of the car could be locked by using the brake mechanism, so that the

car skidded on the track when pulled by an engine. Although this evidence may have been sufficient to have precluded the jury from finding, in the absence of direct evidence to the contrary, that there was any mechanical defect in the hand brakes at the time of the accident, still this test was not made under a sufficiently similar set of facts and circumstances as were in existence at the time of the accident to preclude the inference that the hand brakes were insufficient to hold the car when heavily loaded with lumber and while in motion down grade on a track. If the latter finding was made, it follows that the car was not equipped with devices reasonably safe for unloading, and the duty to furnish a car equipped with devices reasonably safe for unloading rests equally upon the owner of the car, who delivers such car to the ultimate carrier, and the ultimate carrier. See *Roy* v. *Georgia R. & Bkg. Co.*, supra. This court will not disturb the verdict of a jury which has the approval of the trial judge where there is any evidence to support the verdict. *Seaboard Air-Line Ry. Co.* v. *Jackson,* 38 *Ga. App.* 446 (144 S. E. 223); *Liberty National Life Ins. Co.* v. *Parrimore,* 70 *Ga. App.* 320, 324 (28 S. E. 2d, 190); *Pope* v. *Beasley,* 200 *Ga.* 656 (38 S. E. 2d, 300). As the jury is the final arbiter of fact, in order to uphold the finding of a jury which has the approval of the trial judge, this court will take that view of the evidence most favorable to the upholding of the verdict. *Georgia Ry. & Power Co.* v. *Flury,* 17 *Ga. App.* 216 (86 S. E. 403).

This case is distinguishable from *Western & Atlantic R. Co.* v. *Gentle,* 58 *Ga. App.* 282 (198 S. E. 257), cited and relied upon by the railroad companies. In that case there was no evidence that the couplers of the car were defective or that the railroad company was negligent, and there was positive and uncontradicted evidence that the couplers were not defective, and this precluded any inference that the couplers were defective, and it was also shown that when not defective, the couplers would sometimes fail to couple at the first impact of the cars, and this was the only inference that arose in that case and was insufficient to show negligence on the part of the railroad company there involved. That case relied upon the rule laid down in *Frazier* .v. *Georgia R. & Bkg. Co.,* 108 *Ga.* 807 (33 S. E. 996), also cited and relied upon by the railroad companies in the present case,

and that rule is inapplicable to such a situation as the present case where there is evidence to support an inference that the hand-brake mechanism was insufficient to hold the car, and there is no direct evidence to disprove this inference.

The plaintiff's petition was not demurred to by either defendant, and the evidence was sufficient to authorize the jury to find in favor of the plaintiff against both of the defendants under the allegations of the petition. The trial judge did not err in overruling the general grounds of the motions for new trial, of the defendants.

■ In special ground 5 of the motion for new trial of the Atlanta & West Point Railroad Company error is assigned on that portion of the charge as follows: "I charge you that a railroad company, which is a common carrier, either as the owner or as the ultimate carrier, transporting a car containing freight, owes a duty to the consignee or his servants, when either the consignee or his servant is engaged in the business of unloading the car after it has arrived at its destination, this duty being to see that the car and its devices for unloading are reasonably safe for such purposes. This is true although the journey of the car is ended and it has been switched upon a sidetrack belonging to the consignee." Special ground 1 of the second amended motion of the Southern Railway Company assigns error on the same charge. Special ground 1 of the first amended motion of the Southern Railway Company also assigns error on the same charge, and in addition assigns error on the following charge: "The duty of a carrier which owns and furnishes a car to be ultimately delivered by other connecting carriers to a consignee whose servants are to unload the car is to exercise ordinary care to see that the car and its appliances for unloading it are in a reasonably safe condition, so that such servants, while themselves exercising ordinary care, can proceed with the work of unloading the car with reasonable safety." These grounds are without merit. The charges are applicable to the pleadings and evidence in the present case and are correct statements of law. See *Roy* v. *Georgia R. & Bkg. Co.* supra; *Southern Ry. Co.* v. *Benton,* 57 *Ga. App.* 520, 522 (196 S. E. 256); *Weeks* v. *Pollard,* supra.

■ Error is assigned in ground 6 of the motion for new trial of the Atlanta & West Point Railroad Company on the court's

charge: "It is the duty of the ultimate carrier to inspect such a car and ascertain whether it and its unloading devices are in a reasonably safe condition, and if, on examination, the car or any part of its unloading devices is found to be dangerously defective, it is its duty to make such necessary repairs, or to notify the consignee of such dangerous defect." This ground is without merit. The charge is a correct statement of the law applicable to the present case. See *Roy* v. *Georgia R. & Bkg. Co.*, supra. The trial judge did not err in overruling this ground of the motion for a new trial of the Atlanta & West Point Railroad Company.

■ Error is assigned in ground 7 of the motion of the Atlanta & West Point Railroad Company, and in ground 2 of the second amendment to the motion of the Southern Railway Company because of the following charge of the court: "If either railroad selects and furnishes a defective or unsafe car to the consignee to be unloaded, it will be liable for personal injuries resulting from such defect to an employee of the consignee rightfully about the car in connection with the unloading of the shipment, if such employee is injured while in the exercise of ordinary care and the proximate cause of the injury is due to the negligence of the defendants." There is no merit in the contention of the railroad companies that this charge places a burden upon them greater than imposed by the laws of Georgia. The charge was applicable to the facts and circumstances of the present case and is a correct statement of the law. *Roy* v. *Georgia R. & Bkg. Co.*, supra; *Atlanta & West Point R. Co.* v. *Smith*, 38 *Ga. App.* 20, 24 (142 S. E. 308); *Savannah, Florida & Western Ry. Co.* v. *Booth*, 98 *Ga.* 20 (25 S. E. 928). The trial judge did not err in overruling these grounds of the motions.

■ Error is assigned in ground 8 of the motion of the Atlanta & West Point Railroad Company, and in ground 3 of the second amendment to the motion of the Southern Railway Company because the court charged the jury: "A railroad's duty to all persons required to go upon its cars in connection with its carrying business is to use reasonable care to inspect such cars and have them in such repair or condition that they may be used with reasonable safety, and if it delivers a car received from a connecting carrier, it is under an obligation to make the same

inspection of that as it does of its own, that is, to use ordinary diligence to see that it is in a reasonably safe condition, and if it is not, to warn the consignee what means it should employ to this end, and when they should be employed depends upon the surrounding circumstances. If the car is suitable and reasonably safe when it leaves the possession and control of the railroad, either the owner or the ultimate carrier, it has exercised due care. Neither the owner of the car nor the ultimate carrier is an insurer of the safety of its car, and neither are liable for injuries resulting from defects which no reasonably careful inspection would have discovered or from defects [not] apparent to an ordinarily careful person. If either railroad selects and furnishes a defective or unsafe car to the consignee to be unloaded, it will be liable for personal injuries resulting from such defect to an employee of the consignee rightfully about the car in connection with the unloading of the shipment, if such employee is injured while in the exercise of ordinary care and the proximate cause of the injury is due to the negligence of the defendants." This charge embodies a correct statement of law applicable to the facts and circumstances of this case, and the trial judge did not err in overruling these grounds of the motions for a new trial. See *Roy* v. *Georgia R. & Bkg. Co., Southern Ry. Co.* v. *Benton, Weeks* v. *Pollard,* and *Savannah, Florida & Western Ry. Co.* v. *Booth* (supra), and citations thereunder.

■ Error is assigned in ground 9 of the motion of the Atlanta & West Point Railroad Company because the court charged the jury: "If the car is suitable and reasonably safe when it leaves the possession and control of the railroad, either the owner or the ultimate carrier, it has exercised due care." Error is assigned on the same charge in ground 4 of the second amendment of the motion of the Southern Railway Company. Both railroad companies contend that the instruction carries the implication that the failure to furnish a car suitable and reasonably safe when it left the possession of the railroad would constitute negligence. The charge, as well as the implication which hte railroads contend arises from the charge, both embody a correct statement of the law when considered with other portions of the charge, in which the court pointed out that if the car was not in reasonably safe condition, it was the duty of the carrier to notify the carrier

to whom the car was delivered, and the consignee, if there were any defects in the car. These grounds of the motions are without merit, and the trial judge did not err in overruling them.

■ Ground 2 of the first amendment to the motion of the Southern Railway Company assigns error on the charge of the court to the jury. Neither the charge of the court nor any portion thereof is set out in this ground. A ground of a motion for a new trial is not in proper form for consideration, unless it is complete in itself, and it is not complete, if, to be intelligible, it is necessary to refer to other parts of the record, including the charge of the court. See *Trammell* v. *Shirley,* 38 *Ga. App.* 710, 715 (Rule14) (145 S. E. 486), and citations.

■ There is evidence to support the verdict, no error of law appears, and the trial judge did not err in overruling the motions for new trial of the defendant railroad companies.

*Judgment affirmed. Felton and Parker, JJ., concur.*