34359. BUTLER *v.* CENTRAL OF GEORGIA RAILWAY
COMPANY.

Decided January 28, 1953.

494

*Pittman & Greene,* for plaintiff in error.

*Frank Love, Edward E. Dorsey, Powell, Goldstein, Frazer & Murphy, contra.*

FELTON, J.   The question for decision is whether the defendant, under the allegations of the petition, was negligent in not discovering and remedying or informing the consignee or its employees of the dangerous condition of the contents of the freight car.   The answer to such question requires an examination of the duty owed by an ultimate or receiving carrier to inspect the contents of a loaded freight car before it is delivered to the consignee.

The ultimate carrier is under the duty to inspect a railroad car it receives in shipment to ascertain whether the car and its unloading devices are reasonably safe; and if, on examination, it is discovered that the car or any part of its unloading devices is unsafe, it is the carrier's duty to make the necessary repairs or correct the unsafe condition or to notify the consignee of the dangerous defects or condition.   *Roy* v. *Georgia R. & Bkg. Co.,* 17 *Ga. App.* 34 (2b) (86 S. E. 328).   This duty to inspect applies only to an inspection for defects which an outside inspection of the loaded car would reveal.   It is not the duty of the ultimate carrier to enter a loaded, closed car to inspect the cargo and its anchoring devices to ascertain whether it is safe for unloading *unless* in the exercise of ordinary care an internal defect or unsafe condition could have been discovered in the course of the external inspection.   See Copeland *v.* Chicago B. & Q. Ry. Co., 293 Fed.12; Tucker *v.* Norfolk & Western Ry. Co., 194 N. C. 496 (140 S. E. 77).   In the instant case a duty on the part of the defendant to inspect the condi-

tion of the cargo and its anchoring devices inside the car would have arisen only if in the exercise of ordinary care the external inspection would have revealed some defect or indication (such as a bulging door) which would have been sufficient to give notice of a defect inside the car. To hold otherwise would require the ultimate carrier to break the seal and inspect the condition of the load in every car it receives regardless of what a reasonable inspection of the outside of the car reveals. This would be requiring an unreasonable if not a prohibitive inspection. There is no allegation here that there was any defect or indication on the car which should have been discovered during the inspection of the outside of the car and which would have required the inspection of the contents of the car and its anchoring devices.

The case of *Roy* v. *Georgia R. & Bkg. Co.*, supra, involved a defect discoverable by an outside inspection of the car. The court said: "In this case, though one of the dangerous defects of the car, the 'bent link' was covered and concealed by the coal in the car, thus making it difficult for the ultimate carrier to discover it, the other dangerous defect, the worn and defective ratchet, was not so concealed, and it seems reasonable that its condition could have been discovered by the ultimate carrier, in the exercise of ordinary care."

In *Atlanta & West Point R. Co.* v. *Creel*, 77 *Ga. App.* 77 (47 S. E. 2d, 762), the defect was defective brakes, which an outside inspection would have revealed.

In *Atlanta & West Point R. Co.* v. *Smith*, 38 *Ga. App.* 20 (142 S. E. 308), it was held that the *initial carrier* was liable for damages caused by defects in the flooring of an *empty car* furnished by it to the consignor, which defect could have been discovered by the exercise of ordinary care.

*Walker* v. *Central of Georgia Ry. Co.*, 47 *Ga. App.* 240 (170 S. E. 258), is distinguishable from the instant case on its facts. There an agreement existed between the ultimate carrier and the consignee that the consignee or its assignee would not unload the car as in the ordinary mode of commerce, but would have prospective buyers of the car's contents come into the car for the purpose of inspecting and buying the contents. There the railroad was in effect a joint invitor. In such a case we think

that a different rule from the one herein announced as to inspection would apply.

The court did not err in sustaining the general demurrer and in dismissing the action.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*