SAVANNAH, FLORIDA & WESTERN RAILWAY COMPANY *v.* BOOTH.

1. Where a railroad company furnishes to one of its patrons a car to be used by him in loading freight to be delivered to it for transportation, it is liable to a servant of the patron for injuries resulting to such servant from the defective construction of the car; provided the defect be of such a character as to be discoverable by the exercise of ordinary care upon the part of the railroad company, and provided further, the injuries complained of were inflicted under such circumstances as that the person injured, by the exercise of ordinary care, could not have avoided the consequences resulting to him from the negligent act of the

railroad company in furnishing for the use of such patron and his servants such defective car.

2. The evidence was sufficient to authorize a finding that the death of the plaintiff's husband was, without fault on his part, occasioned by reason of defects in the defendant's car, and that its defective condition was due to the defendant's negligence. A careful examination of the several grounds of the motion for a new trial discloses no cause for setting the verdict aside.

November 15, 1895.

Action for damages. Before Judge Sweat. Ware superior court. April term, 1895.

*Erwin, duBignon & Chisholm* and *S. W. Hitch*, for plaintiff in error.

*Symmes & Bennet* and *L. A. Wilson*, contra.

ATKINSON, Justice.

Cribb owned a saw-mill on the line of the defendant company's railroad, and was accustomed to receive from it flat cars to be loaded by his employees with lumber while standing on a siding of the company located at his mill, and then to be delivered to the company for transportation over its line of railroad to market. Upon one occasion a flat car was delivered by the defendant company to be so loaded, and while the employees of Cribb were engaged in this work it turned over, and in consequence the lumber with which it was partially loaded fell upon one of them and inflicted injuries upon him of which he died. The employee so injured was the husband of the plaintiff in the present action. It was alleged that the car was defective in that the pin which coupled the platform to the trucks was too short, and was further defective in that it was not so keyed as to prevent its drawing in the event the platform should careen. Upon the trial a verdict was rendered for the plaintiff, and the trial judge having overruled the defendant's motion for a new trial, the case is now here for review.

The question of law as to whether under the circum-

stances the defendant company owed to the servant of Cribb, its patron, any duty, and, if so, the measure of that duty, is the only one presented by the record into which it is necessary to enter upon an extended discussion; and inasmuch as an examination of the evidence shows that it was sufficient to support a finding that the death of the plaintiff's husband, without fault on his part, was occasioned by reason of the defects in the defendant's car as described in the declaration, and that its defective condition was due to the defendant's negligence, we will proceed to inquire as to the liability of the defendant to the plaintiff for injuries resulting from the breach of the supposed duty to her husband.

No contract relation existed between plaintiff's husband and the defendant company, and hence it owed him no duty resting upon the contract relation of master and servant; but privity of contract is not always essential to create a liability; it may arise as well out of the relative situation of the parties.   12 Allen, 58; Wood, Master & Servant, 912; 10 Western Reporter, 409.   Its duty, if any, arose out of the peculiar relations established between the company and the master of the injured servant.   The defendant company owned a railroad which was engaged in the transportation of freight for hire.   Its revenue was dependent upon the patronage of those persons who had merchandise to transport.   The immediate master of the injured servant owned a saw-mill, and was engaged in the manufacture of lumber which was comparatively valueless without the means of transportation.   Under these circumstances, the defendant company and the master agreed that if the former would place its cars upon its side-track at the master's mill, the latter would undertake to have them loaded for delivery and shipment over the defendant's road.   In accordance with this arrangement, the cars of the defendant company, including the one causing the injury, were placed upon the defendant's siding to be loaded by the servants of the mill-owner.   The latter had no duty of se-

lecting cars and no control of them. Save only as to
the matter of loading them, the control of the cars was en-
tirely with the defendant company, except in so far as it
sometimes became necessary to move them by hand for con-
venience in loading, and this was done by the servants of the
mill-owner. Had the injury occurred in consequence of
any hidden defect in the premises of the defendant com-
pany under circumstances which would otherwise have ren-
dered it liable, there is not the slightest doubt, according to
an almost unbroken current of authority, that the servant of
another, entering thereon upon the invitation of the owner
to engage in lawful work for the benefit of his master, and
incidentally for the advantage of such owner, would have
been entitled to recover. Elliott v. Pray, 10 Allen, 378; 87
American Decisions, 653; Gilbert v. Nagle, 118 Mass. 278;
Pickard v. Smith, 10 Com. B. (N. S.) 470; Holmes v. North
Eastern R'y Co., L. R. 4 Ex. 254; Powers v. Harlow, 43
Mich. 514; Bennett v. Louisville &c. R. R. Co., 102 U. S.
580; 15 American State Reports, 298. And certainly
where the work done was for the mutual benefit of both the
master and the owner of the premises, there is no less rea-
son why he should maintain his action. If the company
would, under such circumstances, be liable for injuries re-
sulting from defects in the premises, it is difficult to under-
stand why it should be the less liable if the injury resulted
from defective appliances which were furnished to the
master, and which the servant of the latter was invited to
use in a business which was mutually beneficial to the mas-
ter and the defendant company. Under the arrangement
as we understand it in the present case, the contract was not
one of hiring by the defendant company to the master of
the defective car, but, selecting and retaining control of it,
the company placed it in position knowing the purpose for
which and by whom it would be used, thus extending to the
injured servant an invitation to use it. Had the master
been a mere hirer, or the company exercising no right as

to the selection of the cars to be used, the duty of inspection would have been upon the master, and in case of injury to his servant in consequence of his furnishing an unsafe appliance, the loss would have fallen upon him. But we think each, the master and the company, owed to the other and to the servants of the former the duty of properly discharging his part of the joint undertaking. The master had no duty of providing, or right of selecting the cars to be used. This duty devolved entirely upon the company. The cars were intended to be used by the mill-owner and his servants in loading them with lumber. The mere act of selecting and furnishing them, with knowledge of the use to which they were to be applied, amounted to an invitation to the mill-owner's servants to use them, and we think this knowledge and this invitation cast upon the company the duty of seeing that they were reasonably safe for such use. See the case of Roddy *v.* Missouri Pacific R. R. Co., 12 Lawyers' Reports Annotated, p. 746. The breach of this duty give a right of action. The jury found that the injury complained of was not due to any negligence upon the part of the injured servant or his master in using the defective car after it was furnished by the defendant company, but was due wholly to its act in furnishing the defective car; and the trial judge being satisfied, we are not disposed to disturb the verdict.     *Judgment affirmed.*