### SOUTHERN RAILWAY CO. *v.* GRESHAM, by next friend.

1. Even if an answer to a petition admits sufficient facts to entitle the plaintiff prima facie to a recovery, it is not erroneous to refuse to allow the defendant to open and conclude the argument, when no request to do so is presented until after the testimony on both sides has been closed.

2. It is erroneous for a trial judge to charge the jury upon issues not made by the pleadings or evidence in the case on trial; and where this is done, when the evidence is conflicting on the issues really involved, in a way which may mislead the jury, it is cause for a new trial. Where the questions raised were whether the conductor or other authorities on a railroad-train had improperly arrested, misused, and maltreated the plaintiff, and no question as to the propriety or impropriety of ejecting him from the train was, under the evidence, involved, a charge which injected this issue into the case was erroneous.

3. Where, in the trial of a case, evidence has been introduced tending to show that mental and physical pain has resulted from the wrongful act to recover damages for which the action was instituted, it is not error to instruct the jury that there is no fixed rule for computing damages of this nature, but that the same are left to the enlightened conscience and intelligence of impartial jurors.

4. An attempt to steal a ride by concealing one's self on a moving train of cars is a misdemeanor, and the conductor is by law authorized to cause a person guilty thereof to be arrested. Where in a given case the conduct of the passenger is such as to afford reasonable ground and probable cause for believing that one is violating this law, his arrest by the conductor does not render the railroad company liable, although it be shown that the person was not, as a matter of fact, violating or attempting to violate the statute.

(a) The court erred in refusing a request to charge the above legal proposition.

(b) There was in the present case sufficient evidence to find that the plaintiff was actually violating the law in this regard. Though attempt at concealment is one of the essential elements of the offense, there is in the record sufficient evidence to establish the fact that the plaintiff attempted to conceal himself on the train.

5. The refusal to give in charge the other requests specified was not error.

6. The point that the trial court was without jurisdiction is, certainly as to some of the alleged causes on which the right of recovery is predicated, without merit ; and not having been raised by a proper plea or motion in the court below, will not be considered when presented in this court as a meritorious ground for a new trial.

Argued October 15,—Decided November 9, 1901.

Action for damages. Before Judge Reece. City court of Floyd county. February 2, 1901.

*Shumate & Maddox* and *Harris, Chamlee & Harris*, for plaintiff in error. *Fouché & Fouché* and *McHenry & Maddox*, contra.

Little, J. Gresham, by his next friend, brought suit against the railroad company for injuries he claims to have sustained by the wrongful action of certain employees of the company. The action was seemingly instituted to recover damages for a malicious arrest and malicious prosecution, and for abuse of the person of plaintiff while under arrest. There was a general denial of the allegation that plaintiff was maltreated while under arrest, and an admission of the arrest and a justification of the same, on the grounds, that the plaintiff was violating one of the statutes of this State in attempting to steal a ride upon the train, and that the prosecution was with probable cause and in reasonable time. Hence, a material question was whether the plaintiff was stealing a ride on the train of the company or not. The trial resulted in a verdict for the plaintiff for the sum of $2,000. The company made a motion for a new trial on a number of grounds. Those alleging that the verdict was contrary to the evidence, without evidence to support it, contrary to law, and excessive in amount, are not dealt with here, because, under the rulings made, the case must be again

tried. The evidence is voluminous, and, for the reason above stated, it is not necessary that it should be reported. Other than the general grounds of the motion, the questions raised in the application for a new trial are dealt with in the headnotes above, and need no elaboration to establish the principles which they contain. They are sufficiently full to give direction at another trial on the points of law to which they apply, and cover a consideration of the errors assigned, other than those with which it is not now necessary to deal.          *Judgment reversed.     All the Justices concurring.*