9147.    POSTAL TELEGRAPH-CABLE CO. *v.* SCHAEFER COTTON CO.

BROYLES, P. J.   1. In view of the amendments to the original petition, allowed upon the second trial of the case, it is unnecessary to consider the exceptions pendente lite, filed upon the first trial, to the judgment overruling the demurrer to the original petition.

2. The court did not err in overruling the demurrer to the petition as amended.

3. It was not error to allow the amendment to the petition.

4. The court did not err in allowing the plaintiff to reopen the case, after a motion for a nonsuit had been made, and to introduce in evidence a certain letter received by it from the defendant.

5. The exceptions based upon the refusal of the court to declare a nonsuit

will not be considered, as thereafter the case proceeded to a verdict and judgment, and a motion for a new trial was made which included the ground that the verdict was contrary to the evidence and without evidence to support it.

6. The refusal to direct a verdict is never error.

7. There was some evidence which authorized a finding that the plaintiff had sufficiently complied with that provision on the back of the telegraph blank which required that claim for damages should be presented in writing to the company within sixty days after the message had been filed with it for transmission.

8. The excerpt from the charge of the court, complained of in the 4th ground of the amendment to the motion for a new trial, was authorized by the evidence, and was not erroneous for any reason assigned.

9. The undisputed evidence being that the defendant in transmitting the telegram made a mistake in its wording, and this error not having been denied by the defendant either in its pleadings or its evidence, the court erred in giving the following instruction to the jury: "The defendant company denies that there was any change .in the telegram and that the telegram was different on its reception to what it was when sent." In many cases such an error might be insufficient to require a new trial, but, the case at bar being a very close one, this error may have turned the wavering scales of justice and caused the jury to return a verdict for the plaintiff. A new trial of the case is therefore necessary on account of this error.

10. The remaining grounds of the amendment to the motion for a new. trial show no material error.

11. As another trial of the case must be had, the sufficiency of the evidence to support the verdict is not passed upon.

         *Judgment reversed. Bloodworth and Harwell, JJ., concur.*

         DECIDED JANUARY 31, 1918.

Action for damages; from Stephens superior court—Judge J. B. Jones. July 27, 1917.

*McMillan & Erwin,* for plaintiff in error.

*Davis & Davis,* contra.