21305. FIRST NATIONAL BANK OF ROME *v.* LANGSTON.

DECIDED DECEMBER 21, 1931.

*Maddox, Matthews & Owens,* for plaintiff in error.

*Porter & Mebane,* contra.

BELL, J. (After stating the foregoing facts.)

This being a suit for personal injuries sustained by the plaintiff when she fell into a hole in the floor of the dwelling house which she occupied as a member of the family of the tenant, and which at the time was being repaired by certain persons alleged to be agents of the defendant landlord, the alleged agents having made the hole by removing a portion of the flooring, and then having left the hole unguarded and having given no warning of its existence, and the defendant landlord in its answer having admitted all allegations in the petition as to such agency, and having defended solely upon the grounds that its agents were guilty of no negligence towards the plaintiff, and that the plaintiff's injuries were caused by her own negligence, the instruction which stated that the defendant denied all the material allegations of the petition, and which submitted the question of agency as a contested issue, was, under the particular facts of the case, error prejudicial to the defendant; and because of such error the verdict for the plaintiff should have been set aside on the defendant's motion for a new trial. It is the duty of the court to inform the jury as to the material issues made by the pleadings and the evidence, and "if any issue has by any means been eliminated, it is the duty of the judge so to inform the jury." *Southern Railway Co.* v. *Wright,* 6 *Ga. App.* 172 (5) (64 S. E. 703). The defendant was entitled to have the case tried upon the defenses which it elected to assert, and should not have been placed in the attitude of making a further issue as to the agency of the persons alleged to have caused the injury, when this fact was admitted in the answer and there was no contention whatever concerning it. The fact that the defendant was thus placed in a false and losing position as to one issue tended to discredit its position as to other issues, and might have been the deciding factor in the deliberations of the jury. *Postal Telegraph-Cable Co.* v. *Schaefer*

*Cotton Co.,* 21 *Ga. App.* 729 (9) (94 S. E. 910) ; *Southern Railway Co.* v. *Gresham,* 114 *Ga.* 183 (2) (39 S. E. 883) ; *Southern Cotton Oil Co.* v. *Skipper,* 125 *Ga.* 368 (7) (54 S. E. 110) ; *Southern Railway Co.* v. *Thompson,* 129 *Ga.* 367 (58 S. E. 1044).

We have carefully examined the various grounds of the motion for a new trial, and have reached the conclusion that the court committed reversible error in mistating the contentions of the defendant as indicated above; but that no other material error appears.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*