28464. CONCORDIA FIRE INSURANCE COMPANY *v.*
HARDMAN *et al.*

DECIDED OCTOBER 5, 1940.

321

MacDougald, Troutman & Arkwright, Dudley Cook, William H. Agnor, for plaintiff in error.

W. C. Boyd, C. S. Baldwin Jr., contra.

SUTTON, J. ■ The plaintiff having stricken from the petition the allegation that due and proper proof of loss, as required by the policy, had been made, and having alleged instead that agents of the defendant had, by their acts and conduct, waived proof of loss, and no evidence having been introduced to show that proof of loss had been filed, the court erred in charging the jury as follows: "The plaintiffs contend they made out the proof under the policy and as required by the terms of the policy, and that Concordia Fire Insurance Company should pay them for their loss. I charge you, gentlemen of the jury, that it would be incumbent upon the plaintiff to make out such proofs of loss, as required by the terms of the policy of insurance sued on in this case, before he would be entitled to recover. You look to the policy, look to the evidence, both oral and documentary; and if any proof of loss was submitted, you look and ascertain whether or not the plaintiff made out such proof of loss, as contended by him in his original petition as amended." The effect of the charge was to submit to the jury an issue in regard to filing proof of loss,

as required by the policy of insurance, whereas the pleadings of the plaintiff as amended and the evidence raised no such issue; and as the evidence was conflicting on the real contention of the plaintiff, the alleged waiver of proof of loss by the acts and conduct of the defendant's agents, the charge was calculated to confuse and mislead the jury and constituted reversible error. *Southern Railway Co.* v. *Gresham,* 114 *Ga.* 183 (2) (39 S. E. 883). See *Southern Cotton-Oil Co.* v. *Skipper,* 125 *Ga.* 368 (7) (54 S. E. 110); *Investors Syndicate* v. *Thompson,* 172 *Ga.* 203 (2-b) (158 S. E. 20). The court did not charge on the issue of waiver, which was the real issue raised by the pleadings and the evidence.

■ "Insurance policy clauses which prohibit waivers, except such as are indorsed upon the policy by specified officers of the company, usually refer to those provisions which enter into the contract, and do not affect conditions which are to be performed after loss or injury, such as giving notice and furnishing proofs. 'These may be expressly waived, or waived by conduct inconsistent with an intention to enforce a strict compliance with the condition, by which the insured is led to believe that the insurer does not intend to require such compliance.'" *Barkley* v. *American National Insurance Co.,* 36 *Ga. App.* 447 (136 S. E. 803), citing *Corporation of the Royal Assurance* v. *Franklin,* 158 *Ga.* 644 (3) (124 S. E. 172, 38 A. L. R. 626). "By the weight of authority, an officer or agent otherwise having authority to waive notice or proofs of loss may bind the company by an oral or implied waiver, notwithstanding a stipulation in the policy that no officer or agent shall have power to waive any of its terms or conditions unless the waiver is in writing endorsed on the policy or attached thereto." 33 C. J. 24, § 681. "Generally the agent of a fire-insurance company has power to fill up and issue the policies, and the acts and knowledge of such agent are the acts and knowledge of the company. There is, therefore, manifest propriety in holding that the knowledge of such agent is imputable to the company. This is true even though the policy undertakes to limit expressly the power of the agent." *New York Life Insurance Co.* v. *Patten,* 151 *Ga.* 185, 187 (106 S. E. 183). Any act or conduct of the agents of the defendant, shown by the evidence to have been fire-insurance agents, in waiving the necessity of filing proof of loss, would, under the above authorities, be the act or conduct of

the defendant; and accordingly the court did not err in admitting in evidence the testimony of certain witnesses, over the objection of the defendant, as to the acts and conduct of such agents, for the purpose of showing waiver of proof of loss.

Inasmuch as the case is remanded for another trial because of the error in the charge of the court as dealt with in the first division above, it is unnecessary to rule as to the sufficiency of the evidence to authorize the verdict for the plaintiff, or as to the alleged error of the court in charging the jury on the question of bad faith. The court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*