32482. McJENKIN INSURANCE & REALTY COMPANY *v.* THOMPSON.

DECIDED JUNE 22, 1949.

*Claud F. Brackett, R. B. Pullen,* for plaintiff in error.
*John B. Ivins, Hewlett & Dennis, T. F. Bowden,* contra.

WORRILL, J. J. W. Thompson sued McJenkin Insurance & Realty Company for $412.80, alleged to be the balance due on wages for carpentry work done by the plaintiff for the defendant. The plaintiff alleged that he did the work pursuant to an oral contract with the defendant under which he was to receive $1.50 per hour; that he was paid $1.25 per hour for 990 hours, and $1.35 per hour for 1102 hours; and that the defendant owed him 25 cents an hour for the first period and 15 cents an hour for the

latter, making the sum for which he sued. The defendant denied that it was indebted to the plaintiff in any amount. The verdict was in favor of the plaintiff for the amount claimed. The defendant moved for a new trial on the general grounds and on three special grounds.

■ T. A. Greene, acting for the plaintiff, made the contract of employment with the defendant. This was admitted by both parties. Greene testified that Thompson's pay was to be $1.50 per hour, but he did not say that $1.25 per hour was to be paid weekly and the balance of 25 cents an hour paid later on. He also testified that sometime in March, after they had started working in January, the defendant told the plaintiff in his presence that this extra money that Thompson claimed was due him would be paid "either when I finish a house or at the end of three months or at the end of the year." Thompson testified substantially to the same conversation. J. E. McJenkin, for the defendant company, testified that the agreement he had with Greene was to pay Thompson $1.25 per hour only, and that he did not agree to pay $1.50 when the contract was made, or in March, or at any other time. The only real issue in the case was whether the plaintiff was to receive $1.50 per hour or $1.25 per hour. No question of agency or ratification was involved. The defendant contended only that the rate of pay was $1.25 per hour and not $1.50. However, the court charged the jury that "The defendant also contends that the agent, Greene, exceeded his authority in dealing with McJenkin, in that Greene was not authorized to make the contract for less than $1.50 an hour, and when Greene, as defendant contends, entered into a contract for a smaller amount, that there never resulted from that arrangement any contract whatever." The court charged also as to the general authority of an agent to act for his principal and ratification of an agent's act by his principal. Error is assigned on this part of the charge. There is nothing in the record before us showing that the defendant made the contention stated in the charge. It was not made in the answer filed by the defendant, nor in any of the evidence submitted by it. The plaintiff, however, testified that he authorized Greene to make a trade for him but "I told him I wouldn't work for less than $1.50. . . He could make a trade if he made it just like I told him. I said a dollar

and a half. I didn't get a dollar and a half because he made arrangements for him to hold back twenty-five cents on the hour. . . Mr. Greene told me the arrangement when he got back and I accepted it. . . I did not authorize him to make a contract whereby I would get a dollar and a quarter an hour and twenty-five cents an hour at some future date. I ratified what Greene said the trade was." It thus appears that all contentions respecting the agency of Greene, and the extent of his authority, and the ratification of his acts by the plaintiff were put in the case by the plaintiff.

"The defendant was entitled to have the case tried upon the defenses which it elected to assert, and should not have been placed in the attitude of making a further issue. . . The fact that the defendant was thus placed in a false and losing position as to one issue tended to discredit its position as to other issues, and might have been the deciding factor in the deliberations of the jury." *First National Bank of Rome* v. *Langston*, 44 *Ga. App.* 465, 467 (161 S. E. 637). Where the judge charged the jury that the defendant made a certain denial which the undisputed evidence showed it had not made, this court said: "In many cases such an error might be insufficient to require a new trial, but, the case at bar being a very close one, this error may have turned the wavering scales of justice and caused the jury to return a verdict for the plaintiff. A new trial of the case is therefore necessary on account of this error." *Postal Telegraph-Cable Co.* v. *Schaefer Cotton Co.*, 21 *Ga. App.* 729 (9) (94 S. E. 910). Where the court incorrectly stated the contentions of the defendant, and placed upon it a heavier burden than it assumed, this placed the defendant in the attitude of making a more rigid contention than was necessary to defeat the plaintiff's action. *Southern Ry. Co.* v. *Thompson*, 129 *Ga.* 367 (1) (58 S. E. 1044). We think that the charge excepted to was confusing and misleading, and that it tended to place upon the defendant the burden of disproving the ratification of the alleged contract of employment. It was erroneous and harmful for these reasons.

■ Error is assigned on the charge, as follows: "Now there has been introduced in evidence certain payroll records which the defendant contends the plaintiff signed as a receipt in full for his wages. Now, I charge you, gentlemen, that receipts for

money are always only a prima facie evidence of payment and may be denied or explained by parol testimony"; and on the refusal of a written request of the defendant to charge as follows: "Gentlemen, the defendant has introduced certain payroll records, showing the hourly rate of pay, the number of hours worked and other data, which were signed each week by the plaintiff. These records are in the nature of receipts and were kept in the usual course of business. A record of this nature raises the presumption that the entries made on them and signed by the plaintiff are correct, and if such records do not speak the truth, the burden of disproving their correctness is on the plaintiff, and if he has failed to carry this burden, it is your duty to accept them as correct, and in this event, it would be your duty to return a verdict for the defendant."

The charge as given was correct, but we do not think that it was full enough to properly present to the jury the law on that subject in view of the request for a more complete charge. The defendant had introduced in evidence without objection the payrolls covering the entire period of the plaintiff's employment. These showed the hours worked by the plaintiff each week, the rate of pay, which was always either $1.25 or $1.35 per hour, the deductions for social-security taxes, and the net amount paid to the plaintiff each week for which he signed the payrolls. The plaintiff denied signing every weekly payroll, but admitted that sometimes others signed for him and that he received the amounts shown thereon. The defendant explained the payments of $1.35 per hour as being a voluntary increase in wages made by it on certain cost-plus jobs on which the plaintiff worked.

The court correctly stated the contentions of the parties, except as pointed out in division 1, in the charge as a whole, and properly placed the burden of proof generally on the plaintiff. But, on the vital question as to the effect of the payroll receipts signed by the plaintiff, the court should have instructed the jury, in addition to the language of the Code, § 38-508, that it was a question for the jury to say whether or not the plaintiff's evidence sufficiently explained the receipts. This question was not properly submitted to the jury. See *Mallard, Stacy & Co.* v. *Moody*, 105 *Ga.* 400, 405 (2) (31 S. E. 45). As was said by this court in *Atlantic Coast Line R. Co.* v. *Blalock*, 8 *Ga. App.* 44, 50 (4)

(68 S. E. 743), the receipts "might have afforded a conclusive circumstance" to rebut the plaintiff's contentions, and might "have served to satisfy the jury that there had been complete accord and satisfaction." For these reasons the court should have charged more fully respecting the receipts.

This is a very close case on its facts. A new trial should be had on the special grounds, and the court erred in overruling the motion for new trial. We do not pass on the general grounds.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*