32989. ATLANTIC COAST LINE R. CO. *v.* DUPRIEST.

774

DECIDED MAY 19, 1950.   REHEARING DENIED JUNE 14, 1950.

776

*Bennet, Peacock & Perry, Asa D. Kelley Jr.,* for plaintiff in error.

*Julian Webb, Phillip Sheffield,* contra.

SUTTON, C. J. ▇ There being no argument or insistence upon the assignment of error on the overruling of the demurrer to the petition, the same is treated as having been abandoned.

▇ In the first special ground of the motion for a new trial the defendant assigns error on the following part of the charge of the court: "Defendant company alleges that the injury sustained by the plaintiff, if any, was due to the negligence of the plaintiff and his fellow employees." It alleges that its contentions were misstated, "it being made to appear thereby that the defendant contended that the plaintiff could not recover because of his own negligence, whereas, the sole contention of the defendant, as shown by the pleadings and the evidence, was that it had not been negligent in furnishing . . a defective car, and that, even so, the injuries to the plaintiff were the result of

the negligence of his fellow employees." The defendant contends that the alleged harmful error was accentuated when the trial judge thereafter charged the jury: "Gentlemen of the jury, I charge you that the burden of proof is upon the plaintiff, not only to establish negligence on the part of the defendant, but also due care on the plaintiff's part. The plaintiff was bound to exercise ordinary care and diligence for his own safety, and before the plaintiff can recover he must have been exercising at the time of the alleged injury ordinary care for his own safety, and if you should further believe that the failure of the plaintiff to exercise ordinary care and diligence was the proximate cause of the alleged injury, then, in such event, the plaintiff cannot recover, and it would be your duty to find a verdict in favor of the defendant." It is contended that the error was further accentuated when the court charged the jury: "No person can recover damages unless the party against whom the damages are claimed is guilty of negligence, and even in cases where the jury may believe that the defendant might be guilty of negligence, the person claiming damages cannot recover if the person injured could have by the exercise of ordinary care avoided the consequences of the defendant's negligence. Therefore, if you believe from the evidence in this case that the plaintiff by the exercise of ordinary care could have avoided the consequences to himself, if you believe the defendant was in fact negligent, then the plaintiff cannot recover."

The defendant in its answer alleged that the cause of the plaintiff's injuries was the negligence of his fellow employees, and denied the allegation of the plaintiff that he was in the exercise of due care. The trial judge, in stating to the jury that the defendant alleged that the injury sustained by the plaintiff, if any, was due to the negligence of the plaintiff and his fellow employees, was undertaking to state the issues in the case as made by the pleadings, and before undertaking to do this he clearly charged the jury that the issues were formed by the written pleadings. It cannot be said that the jury was confused, misled, or in any way prejudiced by the statement of the trial judge as to the contentions of the defendants in this respect. After making the statement as to the contentions of the defendant he clearly charged the jury as to the effect of negligence on the

part of fellow employees as a bar to recovery. Under the pleadings and the evidence the subsequent charges in regard to the effect of the plaintiff's negligence, if any, were clearly authorized, and stated correct principles of law. No error against the plaintiff in error is shown by the first special ground of the motion.

In support of this ground of the motion the defendant cites and relies upon the cases of *First National Bank* v. *Langston*, 44 *Ga. App.* 465 (161 S. E. 637), and *McJenkin Insurance & Realty Co.* v. *Thompson*, 79 *Ga. App.* 473 (54 S. E. 2d, 336). The rule applied in these cases, to the effect that it was reversible error for the trial judge to charge on a defense not made, is not applicable to the facts of the present case.

■ The defendant complains, in the second special ground of the motion, because the trial judge charged that one issue for determination was whether the defendant was guilty of any negligence "by reason of furnishing a car with defective door hinge," it being contended by the defendant that the plaintiff did not charge negligence or attempt to prove negligence in regard to a "defective door hinge." It is clear that the word "hinge" was inadvertently used in this particular instance, and elsewhere throughout the charge it is made clear as to what negligence on the part of the defendant was in issue, and that the primary issue in reality was in regard to a defective door and not a defective door hinge. No error is shown by this ground of the motion.

■ In the third special ground of the motion it is alleged that the trial judge committed error in using the words "at the time of the accident" in making the following charge to the jury: "If you, in the investigation of this case, find that the defendant used that degree of care and caution at the time of the accident which an ordinarily prudent person would have used in the same or similar circumstances, you would be authorized to find for the defendant." Among the reasons given by the defendant as to why this was error is that the issue was negligence in furnishing a boxcar with a defective door, and that the car had already been delivered to the plaintiff's employer at the time of the accident. This ground of the motion is without merit. The alleged negligence of the defendant in furnishing a car with a defective door was an act which was continual in nature, and

in existence at the time of the plaintiff's injuries, if in existence at all. Furthermore, immediately after making the above statement the court instructed the jury that: "If you find that the door mechanism of said freight car was defective and that the defendant [plaintiff] by the exercise of ordinary care and diligence could have detected such defectiveness, if any, and thus avoided injury, then you would find in favor of the defendant. Further, if you should find from the evidence in the case that said freight car door was in nowise defective, then you would find in favor of the defendant company." No error is shown by this ground of the motion.

█ In the fourth and final special ground of the motion error is assigned on the part of the charge as follows: "But, if you believe that the plaintiff and defendant were both negligent, and it is not a case where the defendant could have avoided it by the exercise of ordinary care, then you would have the right to compare the negligence of the two parties and balance the one against the other, and if they were equally negligent, the plaintiff would not be entitled to recover. If the negligence of the plaintiff was greater than the defendant's negligence, the plaintiff would not be entitled to recover. But if the negligence of the defendant was greater than the negligence of the plaintiff, then the plaintiff would be entitled to recover, but the jury should diminish the damages to the plaintiff, if they find damages in his favor, in proportion that his negligence contributed to the injury which was brought about by the concurrent negligence of the two." It is the contention of the defendant that the trial judge failed to instruct the jury as to the effect of negligence of fellow servants in reduction of damages, if their negligence, if any, was equal or greater than the negligence of the defendant, if any, and that the general charge of the trial judge in regard to negligence of fellow servants failed to include this principle, and that the charge on which error is assigned excluded the issue of negligence of fellow servants, either as a bar to recovery or in reduction of damages. There was no request for a special charge in this connection and it is clear that the real contention of the defendant in this respect was negligence of fellow servants as a bar to recovery, and this issue was clearly covered

by. the general charge on the effect of negligence of fellow servants. No error is shown by this ground of the motion.

■ With respect to the general grounds of the motion the defendant contends that the evidence shows that the defendant was a mere licensee, not being a servant of a patron of the defendant on the premises in the discharge of any duty in connection with his employment, and that consequently the defendant was under only a duty of refraining from wilfully and wantonly injuring him. The defendant admitted in its answer that the plaintiff was "on the premises of the defendant at the request and instruction of the said J. Q. Harvey for the purpose of loading watermelons belonging to the said J. Q. Harvey." The evidence shows that his duties in connection with loading watermelons were not at the boxcar but in the field, but that in connection therewith he was being transported from his home to the field in a truck loaded with watermelons which was stopped at the boxcar in order to be unloaded, and that the plaintiff was waiting there to be transported to the field. Under the admission of the defendant and the uncontradicted evidence the plaintiff was present at the siding for purposes connected with his duties of employment. Under such circumstances he was an invitee on the premises of the defendant, and the contention of the defendant that he was a mere licensee is without merit. See Code §§ 105-401, 105-402. Under the evidence the jury was authorized to find that the defendant was negligent as specifically alleged, that is, in furnishing a boxcar with a defective door, and that this negligence was the proximate cause of the plaintiff's injuries. The verdict was authorized by the evidence and no error of law appears.

■ The trial judge did not err in overruling the motion for a new trial.

Pursuant to the act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, p. 232, Code (Ann. Supp.), § 24-3501), requiring that the full court consider any case in which one of the judges of a division may dissent, this case was considered and decided by the court as a whole.

*Judgment affirmed. Sutton, C. J., MacIntyre, P. J., Townsend, and Worrill, JJ., concur. Felton and Gardner, JJ., dissent.*

FELTON, J., dissenting. I think the trial court erred in overruling the motion for a new trial. Under certain circumstances a railroad may be liable to one occupying the position of the plaintiff in this case. *Savannah, Florida & Western Ry. Co.* v. *Booth*, 98 *Ga.* 20 (25 S. E. 928). However, I do not think there is any act of negligence proved against the railroad as respects the plaintiff here. I do not think it can be said that the railroad was under a duty to anticipate that the condition in which the freight car was when it was furnished to plaintiff's employer would be the cause of the injury to anyone in any way, especially in the absence of notice to the railroad and a failure to cure the defect. If I am correct in this, there was no negligence proved against the railroad. The sole cause of the injury was the forcing of the door in a way which the railroad was not charged with the duty of anticipating. "The risk reasonably to be perceived defines the duty to be obeyed; it is the risk reasonably within the range of apprehension, of injury to another person, that is taken into account in determining the existence of the duty to exercise ordinary care." 38 Am. Jur. p. 670. Gardner, J. concurs in this dissent.