34862.   LANE *v*. VARNER.

DECIDED OCTOBER 23, 1953.

*Kenneth E. Goolsby, Jack D. Evans,* for plaintiff in error.
*Earle Norman,* contra.

TOWNSEND, J. ■ Special ground 1 of the amended motion for new trial assigns error on the court's charge as follows: "The plaintiff contends that on account of defendant's reckless disregard of his rights, as set forth in his petition, that he was injured in the way and manner he contends for; he sets forth and alleges as an act of negligence that this was intentionally done by Mr. Varner, and also alleges that Mr. Varner acted heedlessly and in reckless disregard of plaintiff's rights as a passenger, and therefore his injuries were caused by these acts of negligence and that he is entitled to recover from Mr. Varner damages for his injuries. . . Now, gentlemen, as I have stated to you, it is the contention of the plaintiff in this case that he was a guest in that particular car, and he contends that he was intentionally injured, as one of the acts of negligence he contends that he was intentionally injured by Mr. Varner, and also he contends that the operator, that is, Mr. Varner, caused his injuries by his heedlessness and reckless disregard of his rights."

As seen from the statement of facts, supra, the laws of South Carolina allow recovery in guest cases if the act "shall have been intentional on the part of said owner or operator or caused by his heedlessness or reckless disregard of the rights of others";

however, the petition contended only that the defendant's acts "showed a wilful and wanton disregard for the safety of plaintiff," and did not allege any intentional misconduct, nor was there any evidence whatever of intentional misconduct. The charge was therefore error and, unless it was harmless, would demand a reversal of the case. Where a charge places a greater burden upon one of the parties than that which he is called upon to carry by law, such charge is harmful. *Southern Ry. Co.* v. *Thompson,* 129 *Ga.* 367 (1) (58 S. E. 1044). Although the court did elsewhere in the charge state that the plaintiff might recover upon proof of either intentional misconduct or heedless and reckless disregard of the defendant's rights, the charge as a whole emphasized that the defendant contended the misconduct was intentional and sought to base his recovery thereon, which was untrue. Similar errors in charges as to the contentions of the parties have frequently been held to be error. *Mitchell* v. *Schofield's Sons Co.,* 16 *Ga. App.* 686 (6) (85 S. E. 978), and citations; *Evans* v. *Kent,* 28 *Ga. App.* 172 (1) (110 S. E. 685); *Ezell* v. *Mobley,* 150 *Ga.* 257 (103 S. E. 238); *Rouse* v. *State,* 2 *Ga. App.* 184 (4) (58 S. E. 416); *McJenkin Ins. &c. Co.* v. *Thompson,* 79 *Ga. App.* 473 (1) (54 S. E. 2d 336); *Southern Ry. Co.* v. *Gresham,* 114 *Ga.* 183 (2) (39 S. E. 883); *Southern Cotton Oil Co.* v. *Skipper,* 125 *Ga.* 368 (7) (54 S. E. 110). As stated in *First Nat. Bank* v. *Langston,* 44 *Ga. App.* 465, 467 (161 S. E. 637): "The defendant was entitled to have the case tried upon the defenses which it elected to assert, and should not have been placed in the attitude of making a further issue . . . when . . . there was no contention whatever concerning it. The fact that the defendant was thus placed in a false and losing position as to one issue tended to discredit its position as to other issues, and might have been the deciding factor in the deliberations of the jury." Here, the plaintiff was placed in a false and losing position as to one of the only two issues on which a legal recovery might be founded, and, these issues being closely related, it might well have affected the decision of the case. The charge excepted to was error requiring the grant of a new trial.

■ Special ground 2 contends that it was error for the court to give in charge the law of accident, to the effect that an acci-

dent is an event which takes place without one's foresight or expectation, which proceeds from an unknown cause or an unusual effect of a known cause, not to be expected; that the defendant contends that "this was purely an accident," and that, if the plaintiff were injured as the result of an accident, he would not be entitled to recover, and the objection is on the ground that there was no issue as to "accident" made either by the pleadings or the evidence, and further that the charge embodied the defense of accident as enunciated under the law of Georgia, whereas the collision occurred in South Carolina, with the statutes of that State being specially pleaded and proved, and that it was harmful error for the court to substitute the law of Georgia for the statute of another State under these circumstances.

■ Unfortunately, the word "accident" has two separate and distinct meanings. In Georgia law, and as charged by the judge in this case, it means, in connection with personal-injury cases, an injury which occurs without being caused by the negligence of either the plaintiff or the defendant. *Alabama Great Southern Ry. Co.* v. *Brown*, 138 *Ga.* 328 (6) (75 S. E. 330); Code § 102-103. The South Carolina statute upon which the plaintiff relied for recovery and which the court also charged the jury, however, uses the word "accident" as a synonym for "injury" or "casualty" in the provision that a guest cannot recover "in case of accident unless such accident shall have been intentional on the part of said owner or operator or caused by his heedlessness or his reckless disregard of the rights of others." It is obviously confusing to a jury to charge that, in effect, *accident* means an unforeseen event which will *preclude the plaintiff from recovery* and to further charge that the plaintiff *cannot recover unless the accident was intentional* or caused by the heedlessness and recklessness of the defendant. In such case, it would be well for the court to point out to the jury the different sense in which the word is used in its various connotations.

■ Where, under the pleadings and evidence, it is obvious that the injuries must have resulted from negligence on the part of either the plaintiff or defendant, and could not have occurred had both been free from fault, it is error to charge the law of accident as defined in Code § 102-103. *Morrow* v. *Southeastern Stages*, 68 *Ga. App.* 142 (1) (22 S. E. 2d 336). Where,

however, there is evidence to support the proposition that the injuries might have resulted although both the plaintiff and the defendant exercised due diligence, it is proper to charge on the law of accident although the defense is not specifically raised by the pleadings. *Brown* v. *Mayor &c. of Athens*, 47 *Ga. App.* 820 (3) (171 S. E. 730). Here, it was the contention of the defendant, as developed by the evidence, that an unforeseen and unusual event, i. e., the dog jumping at him, caused him to remove his eyes from the road long enough to slap it. Questions of diligence and negligence being ordinarily for the jury, this court cannot say as a matter of law that such conduct constituted negligence or lack of negligence, as it would depend entirely upon the circumstances of the case whether an emergency of such nature as to justify the defendant's conduct was caused by the action of the dog. A proper charge on the law of accident under such circumstances would not be erroneous.

■ As to the plaintiff's contention that the law of accident should not have been charged because no statute of South Carolina was pleaded or proved relating to this issue, the following from *Southern Ry. Co.* v. *Robertson*, 7 *Ga. App.* 154 (4) (66 S. E. 535), is applicable: "Where one party offers a section of the code of another State as proof of the law of that State on a given subject, he is not required to introduce all cognate sections. If there are other sections applicable, the opposite party may offer them, but can not complain that his adversary has not done so." Accordingly, had the defendant here wished to offer the South Carolina law on the subject of "unavoidable accident," or to have proved that there was no law applicable on this subject in that State, he might have done so; but the burden was not upon the plaintiff to plead or prove any other South Carolina law than that which he desired to make out his case. Where the law of another State which is one of the original thirteen States is applicable, but such law is not pleaded or proved, it will be assumed that the law of the State where the tort occurred is the common law as declared and interpreted by the courts of this State. This rule was applied in *Craven* v. *Brighton Mills*, 87 *Ga. App.* 126 (73 S. E. 2d 248), to a tort action arising in South Carolina, on the issue of contributory negligence. *Contributory negligence*, of course, connotes negligence on the part

of both parties, whereas *accident,* as here charged, connotes negligence on the part of neither, and the same rule should apply in both instances. Accordingly, it is no ground of objection to the charge that the law of accident of force in South Carolina was not pleaded and proved.

■ Special ground 3 of the amended motion for new trial is abandoned. Special ground 4, contending that the provisions of Code § 38-119, given in charge to the jury, were inapplicable and confused and misled the jury, is insufficient in that the assignment of error fails to show in what manner the charge was confusing and misleading, or to show any resulting injury to the movant, and shows no reversible error. *Veal* v. *Barber,* 197 *Ga.* 555 (2) (30 S. E. 2d 252).

■ In special ground 5 error is assigned on the following portion of the charge: "Now, gentlemen, there are certain principles of law which the court will give you in charge as applicable to this case as embodied in the statutes of South Carolina. . . Now, gentlemen, that constitutes all of the law which the court will give you under the South Carolina statutes. You are to apply that law and see whether it is applicable under the facts of this case." It is contended that this charge gave the jury an illegal option as to whether to apply the South Carolina law or not. It is obvious that the court meant simply to instruct the jury that they should apply the law as given to the facts of this case, and, since a reversal is demanded on other grounds, it is unnecessary to decide whether the charge as given was in fact confusing or misleading to the jury.

The trial court erred in denying the motion for new trial. *Judgment reversed. Gardner, P. J., and Carlisle, J, concur.*