### 40098. LYLE et al. v. DIPUMA.

HALL, Judge. The plaintiff sued for damages growing out of injuries he received in a three-car collision, the car in which the plaintiff was a passenger first colliding with a car that turned in front of it and then being hit by the car driven by the defendant. After a verdict for the defendant the plaintiff filed a motion for new trial. The only assignments of error argued are the overruling of 3 special grounds of the plaintiff's motion for new trial. *Held:*

1. The trial court charged the jury to the effect that the plaintiff contended that the defendant was not confronted with an emergency. The plaintiff contends that this charge misstated his contentions, and was harmful to him in that it made the plaintiff appear, unfavorably to the jury, contentious in making an issue that he did not make. The plaintiff cites cases in which judgments were reversed when it appeared that harm might have resulted from the court's misstatement that a defendant made an issue on the question of agency or the authority of an agent, which it did not in fact make. *McJenkins Ins. &c. Co. v. Thompson,* 79 Ga. App. 473, 475 (54 SE2d 336); *First Nat. Bank v. Langston,* 44 Ga. App. 465, 467 (161 SE 637). This court has also reversed a judgment because of the probability of harm from a misstatement in the charge that the plaintiff alleged intentional misconduct in an action for damages arising out of an automobile collision. *Lane v. Varner,* 89 Ga. App. 47, 50 (78 SE2d 528). The case on which these decisions are based appears to be *Southern R. Co. v. Thompson,* 129 Ga. 367 (58 SE 1044), which disapproved a charge referring to the pleadings, that "attributed to the

defendant certain positions that were stronger than its denial of the plaintiff's allegations," and which, even in reference to the evidence, "placed the defendant in the attitude of making a more rigid contention than was necessary to defeat the plaintiff's action." There were several grounds upon which the judgment in that case was reversed.

In the present case the plaintiff contends that the pleadings and evidence clearly show that the defendant was confronted by a sudden emergency—the collision between the plaintiff's host driver and the automobile the defendant was following. The facts stated in the petition might be said to contend that the plaintiff's host driver was confronted with a sudden emergency created by the automobile the defendant was following turning across the highway. However, the petition alleges negligence by the defendant which preceded the collision between the two other automobiles, which allegations might be said to contend that any emergency confronting the defendant was one for which he was at least in part responsible. Accordingly, the court's statement of the plaintiff's contention was not necessarily stronger than the contention he made in his pleadings. It is not likely that the charge complained of influenced the jury in arriving at their verdict, and it was not reversible error. *American Surety Co. v. Smith*, 55 Ga. App. 633, 637 (191 SE 137); *Atlantic C. L. R. Co. v. DuPriest*, 81 Ga. App. 773, 779 (59 SE2d 767).

2. The plaintiff's counsel objected to testimony elicited by the defendant from the plaintiff on cross-examination, that following the injury sued upon and after he had gone back to work he hurt his back on the job and was out 79 days and received workmen's compensation and medical expenses, and that a $140 doctor bill (apparently in evidence) was for the injury sustained on the job. The plaintiff contended at the trial and in his motion for new trial that this $140 expense was recoverable in the present case; that the receipt of workmen's compensation was immaterial, but the evidence would lead the jury to believe that the workmen's compensation benefits ought to mitigate plaintiff's damages; and that the defendant's counsel's remarks concerning the evidence at the trial were prejudicial in that they gave the impression that the plaintiff was trying to conceal proper evidence from the jury. These contentions are not well founded in view of instructions given by the court during the trial and in the charge to the

jury. These instructions made it clear that if the defendant was liable the plaintiff was entitled to recover all damages resulting from the injuries received in the automobile collision; that the receipt of workmen's compensation would not affect this right; and that the evidence was relevant only for the purpose of showing whether or not the $140 medical bill was connected with the injuries received in the collision.

The record does not show that the plaintiff made a motion for mistrial or otherwise raised the objection at the trial that the remarks of counsel were prejudicial, or that following the court's instructions he renewed his objection to the evidence to indicate that the court's instructions were not adequate. See *Atlantic C. L. R. Co. v. Smith*, 107 Ga. App. 384, 385 (130 SE2d 355).

The trial court did not err in overruling the motion for new trial.

*Judgment affirmed. Carlisle, P. J., and Bell, J., concur.*

DECIDED MAY 23, 1963—REHEARING DENIED JUNE 4, 1963.

*James I. Parker, Forrest C. Oates, Jr., Charles H. Hyatt, Jr.,* for plaintiffs in error.

*Haas, Dunaway, Shelfer & Haas, William S. Shelfer,* contra.