40539. FARR v. COLLINS.

Decided January 28, 1964.

*Jim Hudson,* for plaintiff in error.

*Telford, Wayne & Greer, Jeff C. Wayne, Dent Bostick, Tifton S. Greer,* contra.

EBERHARDT, Judge. 1. We must agree with the trial judge that as to special grounds 4 and 5 of the amended motion error requiring a new trial is shown. Nowhere in his answer, nor does it appear elsewhere in the record, did the defendant *contend* that there was any negligence on his part. Rather, his contention was to the contrary. He clearly and explicitly denied all acts of negligence charged against him and then asserted that plaintiff's injuries resulted from his own failure to exercise ordinary care for his own safety—or, to state it differently, from his own negligence.[1] This we regard as a material mis-

---

[1] The defense pleaded "contributory negligence" as contained in the first portion of *Code* § 105-603 rather than the "comparative negligence" rules set out in the last portion of that Code section. See the discussion in Judge Hall's special concurrence at pages 441-442 in *Kreiss v. Allatoona Landing, Inc.,* 108 Ga. App. 427 (133 SE2d 602); also Hilkey, *Actions for Wrongful Death in Georgia,* 22 GBJ 459, at pp. 461, 462; Hilkey, *Comparative Negligence in Georgia,* 8 GBJ 51.

statement of the defendant's contentions. Obviously the jury may very well have concluded from these portions of the charge that the defendant conceded or admitted some negligence on his part when he did no such thing, and this may have influenced the jury in returning an adverse verdict. "Where the court, in charging the jury as to the respective contentions of the parties, not only failed to correctly present those of the losing party, but practically instructed the jury that he admitted the contention of the opposite party concerning one of the vital issues in the case, a new trial is demanded." *Hightower v. Ansley,* 126 Ga. 8 (6) (54 SE 939, 7 AC 927); *City of Decatur v. Robertson,* 85 Ga. App. 747, 749 (70 SE2d 135). "The defendant was entitled to have the case tried upon the defenses which it elected to assert, and should not have been placed in the attitude of making a further issue . . . The fact that the defendant was thus placed in a false and losing position as to one issue tended to discredit its position as to other issues, and might have been the deciding factor in the deliberations of the jury." *First Nat. Bank v. Langston,* 44 Ga. App. 465, 467 (161 SE 637); *McJenkins Ins. &c. Co. v. Thompson,* 79 Ga. App. 473, 475 (54 SE2d 336).

If these portions of the charge had been given as legal principles, and not as contentions of the defendant a different conclusion would be reached under the facts proven. There was *some* evidence from which the jury might have concluded that the defendant was to some degree or in some respect negligent.

2. We have carefully examined the remaining seven special grounds of the amended motion but find them all to have been without merit.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*