42071, 42072.   BROWN v. SOUTHERN RAILWAY COMPANY  (two cases).

SUBMITTED JUNE 6, 1966—DECIDED SEPTEMBER 22, 1966—
REHEARING DENIED OCTOBER 10, 1966—

430

*Mundy & Gammage, E. Lamar Gammage, Jr.,* for appellants.
*Matthews, Maddox, Walton & Smith, John W. Maddox,* for appellee.

FELTON, Chief Judge. ■ "A railroad company which is a common carrier, if either the initial or the ultimate carrier, transporting a car containing freight, owes a duty to the consignee or his servant, when either the consignee or his servant is engaged in the business of unloading a car after it has arrived at its destination. This duty is to see that the car and its devices for unloading it are *reasonably* safe for such purpose. This is

true although the journey of the car is ended and it has been switched upon a side track belonging to the consignee. *S. F. & W. R. Co. v. Booth,* 98 Ga. 20 (25 SE 928); Sykes v. St. Louis Railroad, 178 Mo. 693 (77 SW 723)." (Emphasis supplied.) *Roy v. Ga. R. & Bkg. Co.,* 17 Ga. App. 34 (2) (86 SE 328). The allegation that the defendant common carrier's duty, upon which the plaintiff-employee was entitled to rely, was "to place the cars on the track in a *safe* condition," is not a correct allegation of the duty placed upon the common carrier by the law, as the ultimate carrier is not an insurer of the safe condition of its cars, but is under a duty to exercise ordinary care to keep them in a *reasonably* safe condition. There being no allegations showing any duty *as alleged* on the part of the defendant common carrier, by agreement or otherwise, the court properly sustained the special demurrer to said allegations.

■ The duty of the defendant common carrier, as defined in *Roy v. Ga. R. & Bkg. Co.,* 17 Ga. App. 34, supra, and cit., is "to see that the car and its devices for unloading it are reasonably safe *for such purpose"* (emphasis supplied), i. e., the purpose of unloading. Although it is alleged that the plaintiff-employee was engaged in the unloading of the cars at the time of his injury, it is not alleged that the use of the coupling equipment in this case was either necessary or intended in the unloading of the cars. Hence, no negligence is alleged against the railroad, because, unless the equipment used here was intended to be used in unloading, there was no reason for the railroad to anticipate that it would be so used and exercise precaution to avoid injury from such unexpected use. The plaintiff-employee was not an employee of the defendant, so the general rules as to the duty to furnish a safe place to work do not apply. The plaintiff's employer was protected by the duty of the railroad to exercise ordinary care in having the cars reasonably safe *for unloading only* and this duty extended through the employer to the plaintiff. Defendant owed the plaintiff-employee no other duty. Jusko v. Youngstown & N. R. Co., 89 Ohio App. 496 (102 NE2d 899); *Southern R. Co. v. Morrison,* 105 Ga. 543, 549 (31 SE 564); *Holland v. Sparks,* 92 Ga. 753, 754 (18 SE 990).

The court did not err in its judgment sustaining the general and special demurrers to both petitions.

*Judgment affirmed. Frankum, J.,` concurs. Pannell, J., concurs specially.*

PANNELL, Judge, concurring specially. I concur in the first division of the opinion, and concur in the result reached in the second division, but not for the reasons given therein.

The plaintiff employee alleged that at the time he received his injury (when he touched the coupling equipment and a piece of it fell on his foot) he was engaged in the unloading of the car. No one contended and there is no allegation that he was using the coupling equipment for the purpose of unloading the car. The majority opinion is based upon the conclusion that the employee was not engaged in unloading the car at the time he touched the coupling which fell upon his foot or that he as a matter of law could not have been. The petition alleges that he was, and unless we can take judicial cognizance of the contrary, this must be accepted as true for the purpose of passing upon the general demurrer to the petition. The law requires that the unloading equipment and the car be reasonably safe. I would prefer placing the ruling sustaining the trial judge and dismissing the petition on the general demurrer on other grounds. "It is the duty of the ultimate carrier to inspect such a car and ascertain whether it and its unloading devices are in a reasonably safe condition, and if, on examination, the car or any part of its unloading appliances is found to be dangerously defective, it is its duty to make the necessary repairs, or to notify the consignee of such dangerous defects." *Roy v. Ga. R. & Bkg. Co.,* 17 Ga. App. 34, 35 (2b) (86 SE 328).

Where the only negligence alleged is the placing of cars for unloading, "the coupling of which contained no pin to fasten said couplings together," and in failing to notify the employee of the consignee or his foreman that the cars "contained no pins in the coupling thereof" and there is no allegation that the defendant failed to inspect said cars, and no allegation that the defect was discoverable by the exercise of ordinary care in inspecting the cars, no breach of duty imposed by law under the facts of the case as alleged is shown by the pleadings. For these reasons there was no error in the sustaining of the general demurrers to the petitions in the above cases, both of which contain the identical allegations, and in dismissing them.